Battle, J.
 

 The point presented in this case-is said by the-counsel, for the plaintiffs, not to be found adjudicated in-any of the reports of this State. It is, however, well settled in the-mercantile law of England and in New York and in Tenner-
 
 *108
 
 see, and -.probably other States. See'Col. -on Part. sec. 532,
 
 et sag,
 
 and the cases referred to in the notes. In
 
 Wardwell
 
 v. Haight, 2 Barb. (N. Y. Rep.) 549, the ride is laid -down pre•cisely as is contended-lor by the-counsel of the plaintiffs in this case. That rule is, that when a partnership has had continuous dealings with a distant correspondent for some time, actnal notice of its dissolution must be given to such correspondent to .prevent, a-liability of all the members of the firm, for subsequent dealings-earried on by-one of the partners in the name of the firm, thongli without the knowledge or consent of the late partners. The rale is reasonable -and convenient, and we have no hesitation in recognizing it .as a part of ■our law. It is founded upon a very -general principle, .that where one of two persons must suffer a loss, he, upon whom is imposed the duty of being active to prevent it, shall bear it, where he has failed te put the other on his guard against it. Thus vfhere a customer has been in the habit of sending his servant to purchase goods of his merchant on credit, and afterwards sends him with money to buy other goods, the customer, and not the merchant, shall bear the loss, in case his servant had, on the way, embezzled the money. So, if a husband suffer his wife to take up goods on his credit, he shall still be liable, though he has forbidden her to deal in that ivay, unless he has notified the tradesman not to trust her.
 

 Applying this principle to the case now before us, we think ■it was the duty of the partners in Asheville, to give notice of the dissolution of their copartnership to their correspondents ■in New York, and that a publication of it in the Asheville Spectator, was not actual notice, nor did it furnish any evidence from which such notice could be inferred. Ilis Honor -erred in deciding otherwise. The judgment must be re versed and a
 
 venire <le novo
 
 awarded.
 

 Pke OmaAM, .Judgment reversed.