Baitle,- J.
Jn the case of Alston vs. Hamlin, 2 Dev. and Bat., 115, it was decided that the act of 1806, (Rev. Code, ch. 50, sec. 12,) having been enacted on purpose to exclude all parol evidence of a gift of slaves, necessarily avoids every estoppel by parol, which might he setup t* defeat its operation. Hence, where the owner of slave* *107 made a parol gift of them to bis son-in-law, wbo bequeathed them to his children, and died, leaving the do-. nor executor of his will and guardian of his children, ii was held that the taking possession of the slaves and hir-' ing them out, first as executor and.then as guardian, wa* of -no avail to pas* the title ; and that there was no possession adverse to the donor*; and, further, that, the statute of limitations did not begin to run against him until he had permitted a division of the slaves among his grandchildren and delivered them over.
The authority of that ease has always been acknowledged* ; and the principle therein established must entitle the present plaintiffs to a judgment on the case agreed,, unless the partition of the slaves, made under the decree of the County Court of Halifax, • shall be deemed sufficient, t© prevent it. If the plaintiffs’ testator had been a party* to the suit for partition,' then he would have been estopped* by the record from setting up any title to the slaves. Armfield vs. Moore, Busb. Rep., 157, Dixon vs. Warters, 8 Jones Rep., 449. But his being guardian to the infant petitioners in that suit, did not make him a party for the purpose of having any adjudication of his rights. It wa* his duty,-as guardian, to protect the rights .of his ward* (whatever such rights may be) in the suit for partition between them and their mother. Unless the plaintiff*’ testator had been made a party, he could not have any opportunity to assert his title in that suit, and hence he cannot be estopped by any "order or decree in it. The division of the slaves which was-then made, in pursuance of the desree in the cause, and the possession of the parties Vhich fallowed it, had the effect to put the statute of limitations in ’operation; and the testator’s title would have been barred bad not the present suit been commenced within dess than three years from that time. .
*108 What will be the effect of the record, of partition between the parties thereto, when the present plaintiffs «hall assent to the legacy, is a question not presented to us, and upon which, therefore, we refrain from expressing any opinion.
As the case now stands we think that the judgment given in the Court below upon the case agreed, is erroneous, and must be reversed; and a-judgment be entered for the plaintiffs. ;