W. K. HUNTER, et als., v. NORFLEET KELLY, et als.

*Reference—Evidence—Findings of Fact—Unregistered Deed— Color of Title—Authentication of Will Proved in Another State.*

1. In references by consent, it is only when there is no evidence reasonably sufficient to warrant the referee's findings of fact, that a matter of law is presented, reviewable on appeal.

2. An unregistered deed is color of title, and may be read in evidence without registration, upon due proof of its execution.

3. Where a will, proved in another State, bears the certificate of the Clerk of the Court wherein the probate was had, to the oath of the attesting witnesses, but had no other authentication; *Held*, inadmissible in evidence.

(*Hardin* v. *Barrett*, 6 Jones, 159, cited and approved).

CIVIL ACTION, heard before *Avery, Judge,* at February Term, 1884, of WAKE Superior Court, upon exceptions to the report of a referee.

The facts sufficiently appear in the opinion.

There was a judgment for the defendants, and the plaintiffs appealed.

*Messrs. A. M. Lewis & Son* for the plaintiffs.
*Messrs. Pace & Holding* and *Walter Clark* for the defendants.

SMITH, C. J.   This action was begun in the Superior Court for the partition and sale of the land described in the complaint, and of which the plaintiffs allege themselves and the defendant to be tenants in common.   The answer denies the tenancy and asserts a sole seizin in the defendant.   The cause was thereupon transferred, for the trial of the issues, to the civil issue docket.

At August Term, 1881, an order was entered by consent, referring the case to George V. Strong, "to find the facts and declare the law arising thereon, with a right to appeal on the same."

The referee made report at a subsequent term, of the evidence taken and his findings of fact and law, with a conclusion reached that none of the contesting parties had title.

To this report the plaintiffs filed five exceptions, all of which were overruled, and judgment being rendered for the defendant, they appeal.

The first three exceptions to the findings are, that they are against the weight of the evidence; or, which we interpret to mean the same thing, contrary to the evidence, that is, the conclusions are not fairly warranted by it.   It is unnecessary to repeat what has been so uniformly held, that it is only when there is no evidence reasonably sufficient to sustain the finding of fact that a matter of law is presented reviewable on appeal.

The rulings upon these exceptions by the judge are final and conclusive.

4. The fourth exception is to the failure of the referee to ascertain and report the facts in regard to an alleged lost deed from one West, acting as attorney, to Hardy Dean, conveying the land in dispute and under which the plaintiffs claim.

Looking to the depositions to which attention is called in the exception, it will be seen that no witness examined undertakes to prove the execution of the instrument in reference to which they

testify, while very much of the testimony introduced was rejected for incompetency, and the correctness of this ruling of the referee is not before us.   The registration was not indispensable to the use of the deed, as constituting color of title, and supporting the adversary possession of Dean for the fourteen years found by the referee; but proof of its execution was to give it this effect.

An unregistered deed, in the language of Ruffin, Judge, delivering the opinion in *Hardin v. Barrett*, 6 Jones, 159, " does not constitute a perfect title and cannot be read without proof of its execution as a registered one may."

And again, " Then both upon the face of the authorities and their correctness, the court holds that an unregistered deed is color of title under which a possession for seven years bars the entry of the owner."

5.  The next exception is to the refusal to admit the alleged copy of the will of Faithy Harris as certified by the clerk.

This will appears to have been made and proved in the county of the residence of the testatrix in Virginia.   The copy presented to the probate judge of Wake bears the certificate of the clerk of the court wherein the probate was had, with the oath of two of the attesting witnesses to the execution, but without further authentication.   Aside from the necessity of authenticating the records of another State, with the supporting certificate of the presiding officer of that court, under the act of congress, the method of procedure for placing the instrument on the records departs from the requirement of our statute, *Code*, §2155.

It is, and indeed must be, re-proved by the examination of the attesting witnesses, to be in conformity with our law, under a commission issued by the Clerk of the Superior Court of the county wherein the property is found, and then adjudication of proof upon this testimony.   The copy was therefore properly rejected.

The last exception to the referee's conclusions of law generally is too indefinite to be entertained.   There is no error and the judgment must be affirmed.

No error.                                  Affirmed.