W. A. FOUSHEE, et al. v. D. G. BECKWITH, et al.

*Practice—Referee's Report—Failure to Find Facts.*

1. This Court cannot make a finding of facts, and when a referee's report, containing a large volume of evidential facts but without a single finding of fact either by him as referee or by the judge below, comes to this Court it will be remanded in order that the facts may be found.

2. It was the duty of the judge below when the report of the referee came before him in such shape to remand the case to the referee for the findings of fact.

SPECIAL PROCEEDING, pending before the Clerk of the Superior Court of CHATHAM County, and heard before *Graham, J.*, at *Chambers*, in Oxford, on June 23, 1896, on exceptions to the report of the Clerk as referee. From a judgment overruling the exceptions the plaintiffs appealed.

*Messrs. Womack & Hayes*, for plaintiffs (appellants).
*Mr. H. A. London*, for defendants.

FURCHES, J.: This case comes to us " in such questionable shape " that we have to return it without deciding any of the questions intended to be presented.

A very large volume of evidence is sent to us, accompanied by a report of the clerk, acting as referee, in which he finds several evidential facts, but without finding a single fact as a conclusion arising from the evidence.

Neither did his Honor below find any facts ; nor do we say that it was his duty to do so, as they had not been found by the referee. Had this been done it would have been his duty to review the findings of the referee upon such matters as were pointed out to him by proper exceptions, and to make such findings as he deemed proper ; and if the facts had been first found by the referee, and the judge had made no findings, the law would have presumed that he had adopted the findings of the referee. *McEwen* v. *Locheim*, 115 N. C., 348 ; *Hunter* v. *Kelly*, 92 N. C., 285 ; *Barbee* v. *Green*, 92 N. C., 471.

If the facts had been found by the judge, or found by the referee and the judge had adopted such finding in express terms, or by presumption of the law, this Court would have been bound by such findings. This Court cannot find the facts (*Hunter* v. *Kelly, supra*), and it was a useless expense to send this mass of testimony to us. All that it was necessary to send to this Court was what was sufficient to present the exceptions taken to the evidence ; and these questions, like the others intended to be presented, should have been passed upon by the referee and then by the judge before they came to this Court.

The judge below should have remanded the case to the referee, that he might review and find the facts. And as

he failed to do this we must do so. *Lanning* v. *Commissioners*, 106 N. C., 505. There is error in the court's not remanding the case to the referee to find the facts, and it is now so ordered by this Court.

Error.   Remanded.