K. F. ALEXANDER v. H. S. HARKINS et al., Administrators of
J. L. Murray et al.

*Partnership—Dissolution—Notice—Liability of Retiring Partner for Subsequent Debts.*

1. In order to relieve a retiring partner from liability for subsequent transactions by the continuing member, it is necessary to give public notice of the dissolution.

2. Where no public notice of the dissolution of a firm was given, and shortly after the dissolution the continuing member had a transaction with a person who knew the parties had been partners and, believing they were still such, extended credit to what she thought was a partnership; *Held*, that the retiring partner was liable for the debt.

CIVIL ACTION, begun before a Justice of the Peace, against J. L. Murray and P. L. Lance, and carried by appeal to the Superior Court of BUNCOMBE county. Pending the action, J. L. Murray died, and the defendants, Harkins and Rankin, his executors, were made parties. The matters involved were referred and the case was heard, on exceptions, to the report of the referee, before *Bryan, J.*, at December Term, 1896. Judgment was rendered for the plaintiff and defendants appealed.

*Mr. T H. Cobb*, for plaintiff.
*Messrs. Moore & Moore*, for defendants (appellants).

FURCHES, J.: The defendant, Lance, and J. L. Murray, the intestate of the defendants, Harkins and Rankin, were partners, doing a merchantile business in the city of Asheville. In the month of March, 1888, this partnership was dissolved and the defendant, Lance, purchased the stock of goods and the unexpired term of Keller in the store house and premises of the plaintiff, and on the first of April, 1888, moved into that house, and continued the business of merchant.

Soon after the first of April the goods that had belonged to the firm of Lance & Murray were also moved into the store house of plaintiff, and both Lance and Murray occupied it.

What rents were paid to plaintiff seem to have been paid by Lance; but the plaintiff testified that she was told and believed that Murray was a member of the firm; that she

knew that Lance & Murray had been doing business together as partners, and that she believed they were still partners till after the rent sued for was due.

The referee also finds that there was no public notice given of the dissolution of the firm of Lance & Murray, and there is still due the plaintiff $101.50 as a balance of rent. We are of the opinion that there was evidence justifying the referee in his finding of these facts; and, this being so, his findings are conclusive and cannot be reviewed by us. *Foushee* v. *Beckwith*, 119 N. C., 178.

It was contended by the plaintiff that the whole term of Keller, in the lease, was purchased, and that this made the purchaser or purchasers tenants of the plaintiff, and for this position cite *Krider* v. *Ramsay*, 79 N. C., 354. While this contention is correct as a proposition of law, it does not seem to us to be material to the plaintiff in this case. For while it constituted the purchasers tenants, with the rights of the original lessees, as to the terms of the lease and estate granted, it did not release the original lessee from the obligation of his contract to pay the rent. Nor did it have the effect to make the sub-lessee the plaintiff's debtor for the rent, until the plaintiff elected to make him so. This she did, and the greater part of the rent for the unexpired term has been paid to her as above stated.

The defendants, in their argument and in their printed brief, treat this case as being one of estoppel, and contend that the plaintiff has shown no fact that estops Murray from showing the truth of the matter; that he was not, in fact, a partner of Lance at any time after the purchase of the unexpired lease from Keller. But in this the defendants are in error. It was shown—indeed, admitted by Murray—that he was a partner of Lance before and until some time in March, 1888. This being so, the plaintiff was authorized to act upon the presumption that the partner-

ship still existed (as she swears she did) until she had notice of its dissolution.   As she had not dealt with the firm before its dissolution, she was not entitled to direct personal notice.   But it was necessary that there should have been such public notice given of the dissolution as would have amounted to constructive notice.   *Ellison* v. *Sexton*, 105 N. C., 356; Bates on Partnership, Section 606.

This notice is usually given through the public press, and if given for a sufficient length of time and in a sufficiently public manner, will be sufficient to protect the retiring partner from after-made liabilities.   *Ellerson* v. *Sexton*, *supra; Bates*, *supra.*

In this case it is not claimed that there was any kind of notice given to the public of this dissolution.   But the evidence is that Murray had goods in this house, which he and Lance were engaged in selling at auction and otherwise.   This was well calculated to induce the plaintiff to believe that they were still partners.

But the judgment of the court is not put on the ground that it is found and admitted that Murray had, just before, been a partner of Lance, and there had been no notice given of the dissolution.   The judgment below must be affirmed.

Affirmed.