## STRAUS, GUNST & CO. v. T. O. SPARROW & CO.

### (Filed 16 September, 1908.)

**1. Partnership—Retirement of Partner—Notice.**

In order for an ostensible or known partner retiring from a firm to escape future liability as a member thereof to a creditor who advances credit to the partnership, actual notice of the retirement must be given, or the existence of such facts must be brought home to the creditor as would put a person of reasonable business prudence on such inquiry as would lead to knowledge of the dissolution or the retirement of the partner.

**2. Same—Questions for Jury.**

Upon the question of notice to a creditor of a partnership, residing at a distance, of the retirement from the firm of one of the partners, whereon depends the liability of the retiring partner for a debt subsequently contracted with the creditor by the partnership, publication of notice in a local paper is not as a rule recognized as sufficient; but when it is further shown in evidence that notice was thus published for sixty days, and that a copy containing the publication was sent to the creditor, these additional facts, while not conclusive, would present a case for the consideration of the jury on the question of notice.

**3. Partnership—Retirement of Partner—Notice—Principal and Agent—Knowledge of Agent.**

Knowledge of the agent of facts relating to matters within the scope of his agency is knowledge of the principle; and when a sales and collection agent has been informed of the retirement of a partner from the firm, and thereafter at any time advances credit to the partnership, the retired partner is relieved of liability therefor. (*Cowan v. Roberts*, 133 N. C., 629, cited and distinguished.)

ACTION tried on appeal from a justice's court, before *Cook, J.,* and a jury, at April Term, 1908, of BEAUFORT.

The evidence tended to show that plaintiffs, distillers and liquor dealers, in Richmond, Va., sold whiskeys on running account to T. O. Sparrow & Co., a firm doing business in Washington, N. C., from January, 1905, to 6 October of the same year, the balance due being $99.08; that the firm of T. O. Sparrow & Co., composed originally of T. O. Sparrow and defendant W. H. Albert, was dissolved in July, 1905,

when W. H. Albert retired, having sold out his interest to one C. H. Spears, and that defendants T. O. Sparrow and C. H. Spears, the purchaser of Albert's interest, continued to do business under the firm name of T. O. Sparrow & Co.

At the time the original firm of Sparrow & Co. was dissolved by sale and transfer of Albert's interest to Spears there was nothing due from this firm to plaintiffs, and the amount now sued for and remaining due was for items sold by plaintiff firm to Sparrow & Co. on 6 October, 1905, all former items of charge having been paid by credits duly entered on the account. The question in debate was as to the liability of W. H. Albert for the debt of defendants, and whether sufficient notice had been given plaintiffs of Albert's retirement from the firm. On issues submitted, verdict was rendered as follows:

1. "Was the partnership composed of T. O. Sparrow and W. H. Albert dissolved on or about 12 July, 1905, as alleged?" Answer: "Yes."

2. "Were the plaintiffs duly notified of such dissolution?" Answer: "Yes."

There was judgment on the verdict in favor of defendant Albert, and plaintiffs excepted and appealed.

*W. C. Rodman* for plaintiffs.
*Small, McLean & McMullen* for defendants.

HOKE, J., after stating the case: It is well established that when an ostensible or known partner retires from a firm which continues the business, in order to protect him from liability for future obligations of the partnership proper notice of his retirement must be given. Ordinarily, when a creditor seeking to enforce recovery against such a partner has never had any dealings with the firm, a notice published in a local paper having a general circulation, in a full and proper manner and for a reasonable length of time, will be regarded as sufficient. Where, however, the creditor

claimant has been a customer of the firm, actual notice must be shown or the existence of such facts brought home to the creditor as would put a person of reasonable business prudence on inquiry which would lead to knowledge of the dissolution of the firm or the retirement of the partner resisting the claim. In such case, and particularly when a former customer is resident in a distant community, publication of notice in a local paper is not as a rule recognized as sufficient of itself to affect the customer with notice or to carry the question to a jury, unless it can be further shown that the creditor was in the habit of reading the paper at the time a proper publication was being made, or that a copy of same containing the publication was especially sent to him. These additional facts, while not conclusive, would present a case from which the jury would be required to consider and determine the question of notice.

This general statement, for the most part elementary in its nature, will find support in the text-books (George on Partnership, pp. 259-261; Story on Partnership, Gray's Edition, sec. 161; Strong on Every-day Laws, sec. 267; Lindley on Partnership (1888), marginal, pp. 218-220), and is in accord with our own decisions on the subject. *Ellison & Harvey v. Sexton,* 105 N. C., 356; *Scheiffelin, Hains & Co. v. Stevens,* 60 N. C., 106. And, applying the principles expressed to the facts presented here, we are of opinion that no error has been committed which gives the plaintiffs any just ground of complaint.

There was testimony to the effect that W. H. Albert retired from the firm of T. O. Sparrow & Co. in July, 1905—about the 13th of the month—selling his interest to C. H. Spears, and at the time the firm owed plaintiffs nothing; that formal notice of this dissolution and change was published in a local paper for sixty days, and that this notice was inserted in not less than thirty editions of the paper; and, further, that a copy of the paper containing the notice

was folded in a wrapper, addressed to plaintiff firm at Richmond, and regularly mailed, postage paid.

There was further testimony to the effect that in August or September, 1905, one Henry Gunst, a salesman for plaintiff firm, who had traveled in this section for several years, selling liquors and collecting for them, was in the place of business of T. O. Sparrow & Co., and that Sparrow and Spears and W. H. Albert were present, and at that time W. H. Albert told Henry Gunst, plaintiffs' salesman and agent, that he had sold out his interest in the firm to Spears, and had nothing further to do with the business, and Spears was then and there introduced as Sparrow's partner; and, further, at this time, which was about 1 September, Gunst sold for plaintiffs to the new firm a bill of goods, which was paid for, and later this present sale was made by plaintiffs to Sparrow & Co. While, as stated, the authorities are to the effect that actual notice is required in the case of a former customer of the firm, certainly one who has formerly extended it credit, they also hold that this notice is not required to be in any special or formal manner, and this, like other knowledge, will be at times imputed to the creditor. There was testimony to the effect that plaintiff's salesman and agent, in the present discharge of his duty and within the scope of his agency, was expressly notified that the firm of Sparrow & Co., as formerly constituted, had been dissolved and that W. H. Albert had retired from the business, and under the general principles of the law of agency this knowledge of their salesman was the knowledge of the firm. Reinhardt on Agency, sec. 354; Mechem on Agency, sec. 721. And, while the goods sold at the time when this information was given were paid for, and the present demand is for another and later sale, it is not open to the plaintiff firm to repudiate the knowledge obtained by their agent in the course and scope of his duties, and charge

defendant for a debt which he had not contracted and for which he was not otherwise liable. Such a position would require that a new notice should be given whenever a creditor firm saw proper to change its salesman, and it would well-nigh establish the doctrine that .once a partner, always a partner, for it would be very difficult, if not impossible, for a member to retire from a firm so as to protect himself from future liability.

The question has been considered and decided in the case of *Cox v. Pearce,* 112 N. Y., 637; 3 L. R. A., p. 563. In that case it was held:

"1. The failure of an agent to communicate to his principal information acquired by him in the course and within the scope of his agency is a breach of duty to his principal, but as notice to the principal it has the same effect as to third persons as though his duty had been faithfully performed.

"2. If a person gives notice of his withdrawal from a firm to an agent with authority to receive orders for an article, when the latter seeks from him, as a supposed partner, an order from the firm for such article, it is of no consequence, so far as the effect of the notice is concerned, that on a subsequent sale to a new firm of the same name the agent had forgotten the notice.

"3. Notice to a party, actual or constructive, in a particular transaction of a fact which exempts another from liability in that transaction is notice in all subsequent transactions of the same character between the same parties."

The Judge below, therefore, could well charge the jury that, if they found the facts to be as testified to by the witnesses, they would answer the second issue "Yes." We do not understand that the principle applied in the case of *Cowan v. Roberts,* 133 N. C., 629, to which we were referred by plaintiffs' counsel, militates in any way against

the disposition we make of the present appeal. That case only held that notice given to an employee or bookkeeper in the home office of a creditor firm of the retirement of a certain partner was not sufficient unless it was shown that the employee had something to do with the credit department of the creditor firm. The decision, while eminently sound in principle, goes very far, certainly on the facts of that particular case, in upholding a demand against a retired partner, but in no aspect of the decision, as we understand it, does it sustain the position of defendants here; for, according to this testimony, the agent who was notified of the retirement of defendant Albert was at the time and had been for several years the recognized agent of plaintiff firm, selling goods and collecting debts for them throughout this section, and so came directly within the principle applied in *Cowan v. Roberts.* He was connected with the credit department at the time the notice was given and received.

There is no error, and the judgment below will be affirmed.

No Error.