JENKINS BROS. SHOE CO. v. G. V. RENFROW & CO.

(Filed 24 November, 1909.)

1. **Partnership, Dissolution—Notice—Principal and Agent.**

   In the absence of evidence tending to show that an agent would be unlikely to communicate to his principal facts affecting the latter's dealing with third persons so as to bring it within the exceptions to the general rule, notice to a traveling salesman of the retirement of a partner from a firm to whom he sold goods, is sufficient to bind the principal with such knowledge, it appearing that it was a part of his duty to report changes in partnerships among his customers, and that at times he collected money on account of goods sold for his principal, though not directly so authorized to do.

2. **Same—Conditional Sale—Acceptance.**

   An order for goods given by a partnership to the traveling salesman of the creditor subject to the latter's confirmation, is not a

completed sale until so confirmed; and when its acceptance is only evidenced by the shipment of the goods the sale and delivery are of that date.

### 3. Same—Time—Retiring Partner—Liability.

A partnership having given an order for goods to the plaintiff's traveling salesman subject to the plaintiff's acceptance, one of its members retired and gave due notice before its acceptance to the salesman, who was the plaintiff's accredited agent for the purpose. *Held*, (1) such notice was a rescission of the order; (2) its sufficiency in point of time was not limited to the date of the order; (3) that as the goods were not sold and delivered until shipment made after such notice was duly given, the retiring partner is not responsible therefor.

APPEAL from *Webb, J.,* May Term, 1909, of FORSYTH.

The plaintiff corporation sued the defendants, as partners, to recover an amount due it for goods sold and delivered. The defendant T. J. Renfrow alone answered and contested the plaintiff's right to recover against him. The plaintiff, in its complaint, alleged "that on 27 May, 1907, it sold and delivered to the defendants a lot of shoes, of the value," etc. The contesting defendant denied his liability, on the ground that the partnership between him and his co-defendant had been dissolved on 28 March, 1907, and notice of dissolution had been published in a newspaper published in Wilkesboro, N. C., where the partnership did business, the plaintiff doing business in Winston-Salem, and that notice of such dissolution had been given to W. N. Horn, the traveling salesman of plaintiff, its agent who had taken the order sued upon and all other orders from defendant for plaintiff. It was admitted by the defendant that the partnership existed up to 28 March, 1907, and was formed in 1904; that his copartner, G. V. Renfrow, his son, had the entire management of the business and did all its buying and selling; that he lived in Mecklenburg County; that when the partnership was dissolved he took from his copartner his note, secured by a mortgage on certain described lands in Mecklenburg County. The plaintiff offered evidence of the continued advertisement in the paper stated by G. V. Renfrow & Co. for some months after the alleged dissolution, and denied it had any notice of the dissolution at the date mentioned in the complaint. It further appeared in evidence that the salesman of the plaintiff, Horn, took the order from G. V. Renfrow on 4 April, 1907, but it was subject to acceptance by the plaintiff. The plaintiff's salesman admitted he received notice of the dissolution before 15 May; that it was within his duty to notify plaintiff when he received notice of dissolution of partnerships who were dealing with it, and he sometimes received money from customers when they

offered it. It was in evidence that the agent, Horn, was notified on 4 April of the dissolution, but this was denied by him. His Honor charged the jury that unless the notice of dissolution was given to the agent, Horn, on or before 4 April, no subsequent notice would avail the defendant. The defendant excepted. The jury answered the issue of indebtedness in favor of the plaintiff. From the judgment rendered upon the verdict the defendant T. J. Renfrow appealed to this Court.

*L. M. Swink* and *F. D. Hackett* for plaintiff.
*Manly & Hendren* for defendant.

MANNING, J., after stating the case: If Horn was such an agent of the plaintiff that notice to him would be imputed to the plaintiff, then we think his Honor was in error in restricting the time at which the notice of the dissolution should have been given, in order to be binding upon his principal, the plaintiff, to the date "on or before 4 April." While the order for the goods sued for was taken by Horn on 4 April, it was made by Horn subject to the acceptance of the plaintiff. The acceptance of the order was signified by the shipment of the goods on 27 May, and in no other way. The complaint alleged both sale and delivery on that day, and in our consideration of this appeal we must consider the plaintiff concluded by this allegation of his pleading. This allegation was distinctly presented to his Honor by the defendant, and instructions asked and refused. The agent admitted he had notice of the withdrawal of the defendant T. J. Renfrow from the partnership before 15 May, and that he was then the agent of the plaintiff, with the same scope and extent of authority as theretofore.

In Mechem on Agency, sec. 721, the learned author deduces the following rule from the authorities: "The law imputes to the principal and charges him with all notice or knowledge relating to the subject-matter of the agency which the agent acquires or obtains while acting as such agent and within the scope of his authority or which he may previously have acquired, and which he then had in mind, or which he had acquired so recently as to reasonably warrant the assumption that he still retained it. Provided, however, that such notice or knowledge will not be imputed (1) where it is such as it is the agent's duty not to disclose, and (2) where the agent's relation to the subject-matter or his previous conduct render it certain that he will not disclose it, and (3) where the person claiming the benefit of the notice, or those whom he represents, colluded with the agent to cheat or defraud the principal." There is no evidence in this

case bringing it within any of the exceptions named in the proviso of the above rule. This Court, in *Straus v. Sparrow,* 148 N. C., 309, quotes with approval this principle, as stated in *Cox v. Pearce,* 112 N. Y., 637; 3 L. R. A., p. 563: "1. The failure of an agent to communicate to his principal information acquired by him in the course and within the scope of his agency is a breach of duty to his principal; but as notice to the principal it has the same effect as to third persons as though his duty had been faithfully performed." *Mfg. Co. v. Rutherford,* 64 S. E. Rep., 444.

If, therefore, Horn was such an agent that notice to him was notice to his principal, the plaintiff, then, under the above authorities, it must follow that the plaintiff had notice of the withdrawal of the defendant T. J. Renfrow from the firm, and its dissolution before 15 May—between 6 and 15 May, as fixed by Horn. No credit had then been extended for the goods ordered on 4 April. In *Bisban v. Boyd,* 4 Paige's Chan. Rep., 16, it is held: "If he (a former customer) was informed of the dissolution of the partnership immediately after the sale and while the goods remained in his own hands, undelivered, a court of equity would never permit him to recover for those goods against the former partners of the vendee." Notice of the dissolution is a rescission of the order. *Goodspeed v. Plow Co.,* 45 Mich., 522. The correctness of these doctrines cannot be controverted. It cannot be consistent with any just conception of fair dealing to subject a retired partner to the payment of debts contracted after notice of dissolution of the partnership has been given to the creditor extending the credit. Such a creditor cannot assume the status of partnership to be unchanged when he has actual notice of a change imputed to him from the knowledge of his agent. Was Horn such an agent that notice to him was notice to his principal? The evidence offered at the trial tends to show that Horn was a traveling salesman of the plaintiff, and defendants made all their purchases, extending over several months, from plaintiff through Horn; that he was the sole representative of plaintiff in the section in which defendants did business, and visited their place of business nearly every thirty days; that he reported to plaintiff references given by new customers; that he reported dissolutions of partnerships with whom plaintiff was dealing, and sometimes received payments for bills due, when offered him by merchants, but that he was not instructed to collect bills; that he in a general way inquired about the condition of the business of those with whom he was dealing for plaintiff.

In *Cowan v. Roberts,* 133 N. C., 629, this Court held: "The notice should have been given to the plaintiffs or to some one of their employees who had charge of the credit department. The 'man,' the defendant, Redmond, found 'working on the books' may have had no duties connected with any department of the business, except to keep an account of the cash; so far as we know. Of course, if any salesman had been notified of the dissolution of the firm, and that salesman had afterwards sold goods to Roberts, Redmond would not have been liable." In reviewing this decision in *Straus v. Sparrow,* 148 N. C., 309, *Hoke, J.,* speaking for this Court, said: "The decision, while eminently sound in principle, goes very far, certainly on the facts of that particular case, in upholding a demand against a retired partner." A careful consideration of *Cowan v. Roberts, supra,* does not convince us that that decision militates against our holding that the evidence was sufficient to support a finding that Horn was a competent agent to receive notice, and that notice to him was notice to the plaintiff, his principal. Horn was, by his course of dealing and the scope and extent of his power, the medium of negotiations between plaintiff and defendant partnership. The learned judge who tried this case seemed to be of this opinion, but erroneously, as we think, in view of the distinct allegation of the complaint, restricted the binding effect upon the plaintiff of the notice to him to the date of the order. The case has been made complicated and the decision more difficult by the variance between the proof and the allegation in apparently treating 4 April as the day of the accepted order and the day when the proposition to buy became a contract of purchase and sale. We have not passed upon the other exceptions taken, as they may not be presented at the next trial. For the error pointed out, there must be a

New trial.