SOUTHERN STATES SUPPLY COMPANY v. R. P. LYON ET AL.

(Filed 25 April, 1917.)

1. Partnership—Dissolution—Notice.

Personal notice of dissolution of a partnership should be given to those who had theretofore sold it goods, and notice by newspaper publication to the public generally. Where a vendor ships goods to a partnership who had theretofore dealt with it, upon order in the partnership name, without knowledge of the dissolution or notice sent to that effect, each member of the partnership is liable therefor. Revisal, 2521, *et seq.*, as to limited partnerships, is inapplicable to the facts of this case.

2. Same—Inquiry.

Inquiry made of the cashier of a local bank as to the financial standing of a partnership, with the reply that in his opinion the order would be good if "O.K.'d" by a certain member of the firm, is not in itself sufficient notice of the dissolution of the partnership.

APPEAL by defendant Lyon from *Cline, J.,* at November Term, 1916, of ANSON.

The defendants Lyon and Morton were engaged in business as a partnership under the style of the Wadesboro Plumbing Company. This is an action to recover the price of certain goods shipped to them by the plaintiff on 29 July, 1914. The defendant Lyon contends that the partnership was dissolved before the goods were shipped. But there was no evidence that any notice was sent to the plaintiff of such dissolution before shipment of the goods. On 17 May, 1914, the plaintiff wrote to a bank in Wadesboro making the ordinary inquiry as to the responsibility of the Wadesboro Plumbing Company. The cashier of the bank, after making inquiry of the defendant Lyon, replied: "Any order O. Kd. by R. P. Lyon will be perfectly good, in our opinion." Before this shipment, the plaintiff had shipped the defendants goods. This shipment was made on an order signed in the firm name. On 8 August, 1914, after the goods had arrived, A. R. McPhail, attorney for the defendants, wrote the plaintiff a letter with notification that the firm had been dissolved by mutual consent, and not to fill any further orders unless signed by both. Notice of dissolution was published in the Anson County paper in four issues beginning 12 August and ending 2 September, 1914, according to testimony of defendant Lyon. The attorney for Lyon on 3 September wrote plaintiff that he had "matters in position for a final settlement by 10 September." On 18 August he wrote plaintiff, stating that he was unable to make settlement for these goods at once, but he hoped to make settlement by the end of the week. There was no dispute as to the amount of the bill and the goods shipped. There are several exceptions, but the facts and the dates do not seem to be in dispute, as to the matters above stated. Verdict and judgment for plaintiff. Appeal by defendant Lyon.

*James A. Lockhart and Frank L. Dunlap for plaintiff.*
*Brock & Henry for defendants.*

CLARK, C. J. It is immaterial when the dissolution of the partnership was made, as it appears that this shipment was made on 29 July and that the plaintiff, in Columbia, S. C., received no notice of the dissolution till 8 August after the goods reached Hamlet, N. C., for the statement from the cashier of the bank in Wadesboro, who was not agent for Lyon, that he thought the order would be good if "O. Kd. by R. P. Lyon," was not a notice of dissolution, nor a notice from the defendants, but rather an expression of opinion by the cashier

that Lyon was a limited partner. There was no evidence that articles of limited partnership had been filed and recorded as required by the statute. Revisal, 2521 *et seq.* On the contrary, the notice of dissolution given 8 August, and the advertisement on 12 August, 1914 negative any notice having been given theretofore.

The rule that on dissolution of a partnership personal notice must be given to those having formerly dealt with the firm (and an advertisement made for the public generally) is too well settled to be questioned. The exceptions to the evidence and to the charge require no discussion.

No error.