AMERICAN WHOLESALE CORPORATION v. P. L. COOPER.

(Filed 16 November, 1927.)

1. Partnership—Dissolution—Notice—Publication—Debtor and Creditor.

Creditors residing beyond the State who have been selling goods to a partnership doing business in this State, are entitled to notice of the dissolution of the firm beyond that implied by publication in a newspaper published locally to the place wherein the partnership business has been

conducted, unless it is made to appear that the seller of goods thereafter to the concern either read the newspaper in which the notice of dissolution appeared, or was reasonably put upon constructive notice by some peculiar circumstances under the conditions existing.

**2. Same—Evidence—Deeds and Conveyances—Registration.**

The statutory expressed purpose for which a deed or conveyance of property is required to be registered in order to give notice thereof, does not include that of dissolution of a partnership, in this case a deed of trust to the retiring partner, and is incompetent evidence to fix a foreign creditor with notice of its dissolution, and to relieve the retiring partner from liability for the indebtedness of the concern to those who thereafter continued to sell its goods, upon the credit of the partnership theretofore existing.

CIVIL ACTION, before *Barnhill, J.,* at September Term, 1927, of ALAMANCE.

The evidence tended to show that the defendant and E. J. Richmond had formed a partnership for mercantile purposes under the name of Richmond-Cooper Company. This partnership purchased goods from the plaintiff during the years 1921, 1922, and 1923, prior to 1 July, 1923. On 28 June, 1923, E. J. Richmond delivered to the plaintiff as a basis of credit a financial statement, signed "Richmond-Cooper Co., by E. J. Richmond." The plaintiff alleged "that during the years 1921, 1922, and 1923, the plaintiff sold and delivered to the Richmond-Cooper Company, of which the defendant was a partner at said times and years, goods, wares, and chattels amounting to $14,862.59, and received therefor on payment of said sum only the sum of $12,513.72; that there is due and owing plaintiff on account of said sales and goods the sum of $2,331.87."

The defendant Cooper denied that he was indebted to the plaintiff in any sum, and as a defense to said action contended that the partnership existing between himself and E. J. Richmond had been dissolved, and that notice of dissolution of the partnership had been published in the *Mebane Enterprise,* a newspaper published in Alamance County, North Carolina. This notice was published once a week for four successive weeks, beginning with issue of 26 April, 1923. The defendant Cooper offered in evidence a deed of trust made by E. J. Richmond, trading as E. J. Richmond Company, dated 21 May, 1923, to T. C. Carter, trustee, and P. L. Cooper, party of the third part. This deed of trust "covered the stock of merchandise that was formerly the stock of the Richmond-Cooper Company," and was offered to show notice to the plaintiff of the dissolution of the partnership, it having been recorded in the office of the register of deeds of Alamance County.

The following issues were submitted to the jury:

(1) Was the partnership composed of E. J. Richmond and P. L. Cooper dissolved on or about 15 May, 1923, as alleged?

(2) Was the plaintiff duly notified of such dissolution?

(3) What amount is the plaintiff entitled to recover of the defendant, P. L. Cooper?

The case was originally tried in the county court, and the judge of the county court directed the jury to answer the first issue "yes." The jury answered the second issue "yes," and from judgment rendered in the county court in favor of the defendant Cooper, the plaintiff appealed to the Superior Court, assigning errors. Barnhill, J., holding the Superior Court, after hearing the exceptions on the appeal from the county court, reversed the judgment of the county court, sustaining exception No. 5, and remanding the case to the General County Court of Alamance County for a new trial.

Exception No. 5 sustained by the Superior Court judge is as follows: "To the Court's overruling plaintiff's objection to the introduction of the deed of trust, dated 21 May, 1923, made by E. J. Richmond, trading as E. J. Richmond Company, to T. C. Carter, trustee, and P. L. Cooper."

*Long & Allen and Biggs & Broughton for plaintiff.*
*Thomas C. Carter for defendant.*

BROGDEN, J. Is a deed of trust executed by one partner to a trustee for the other partner upon the partnership property and duly recorded, notice to a foreign creditor of the dissolution of the partnership?

The evidence in this case discloses that the plaintiff is a Maryland corporation, and the defendant Cooper is a resident of Alamance County, North Carolina. The defendant, P. L. Cooper, and E. J. Richmond had formed a partnership under the name and style of Richmond-Cooper Company. This partnership had been purchasing goods from the plaintiff since 1921. On 28 June, 1923, E. J. Richmond purchased from plaintiff a bill of goods, giving at the time promissory note for the purchase price, signed in the name of Richmond-Cooper Company, by E. J. Richmond. The evidence of plaintiff tended to show that it had never seen the notice of dissolution published in the *Mebane Enterprise* and had never seen the deed of trust or had any notice of the dissolution of said partnership, and that it first learned of the dissolution in January, 1924.

This Court considered the question of sufficiency of notice of dissolution of a partnership in *Strauss v. Sparrow,* 148 N. C., 309. The

rule of law governing notice of dissolution is thus stated: "It is well established that when an ostensible or known partner retires from a firm which continues the business, in order to protect him from liability for future obligations of the partnership proper notice of his retirement must be given. Ordinarily, when a creditor seeking to enforce recovery against such a partner has never had any dealings with the firm, a notice published in a local paper having a general circulation, in a full and proper manner and for a reasonable length of time, will be regarded as sufficient. Where, however, the creditor claimant has been a customer of the firm, actual notice must be shown or the existence of such facts brought home to the creditor as would put a person of reasonable business prudence on inquiry which would lead to knowledge of the dissolution of the firm or the retirement of the partner resisting the claim. In such case, and particularly when a former customer is resident in a distant community, publication of notice in a local paper is not as a rule recognized as sufficient of itself to affect the customer with notice or to carry the question to a jury, unless it can be further shown that the creditor was in the habit of reading the paper at the time a proper publication was being made, or that a copy of same containing the publication was especially sent to him."

Again, in *Furniture Co. v. Bussell*, 171 N. C., 474, the Court held: "It may be conceded that an outgoing member of a firm should take his name out with him, for if he leaves it behind he will be considered as still holding himself out as a partner, whatever may be his real relation to the firm, unless he gives notice of his withdrawal to those who dealt with the firm or were its customers while he was a partner."

In *Bynum v. Clark*, 125 N. C., 352, the partnership formed a corporation, and the corporation purchased the assets of the partnership. After the formation of the corporation one of the partners purchased goods from the plaintiffs. The plaintiffs had no actual notice of the formation of the corporation nor of the dissolution of the partnership. *Faircloth, C. J.*, writing for the Court, says: "The only question is: Can the plaintiffs recover, they having had no actual notice of the dissolution of the partnership or of the formation of the corporation? We think they can. In such cases, actual notice must be given, especially to those who had previous dealings with the partnership."

Applying these principles of law to the facts in the case at bar, we are of the opinion that the deed of trust and the registration thereof in itself constituted no notice of the dissolution of the firm to a nonresident creditor.

The identical question was considered by the Supreme Court of Arkansas in the case of *Bluff City Lumber Co. et al. v. Bank of Clarks-*

*ville et al.,* 95 Ark., p. 1, 128 S. W., p. 58. In that case the court was requested by the defendant to instruct the jury as follows: "You are instructed that when the deed of trust introduced in evidence was executed and filed for record, conveying the property of the Clarksville Lumber Company and the real estate of the defendants, D. R., A. D., and E. T. Reynolds, to secure the indebtedness of the Bluff City Lumber, Company, the filing of the said deed of trust was notice of its contents to every one, and the plaintiffs cannot plead ignorance of its contents." The opinion declares: "The appellants contend that the trial court erred in refusing to so instruct; but it did not. The record of a deed is only constructive notice of that for which it is required. As it is not required to give notice of the dissolution of partnership, it does not subserve that purpose." The registration act of Arkansas provides in substance that "every deed or instrument in writing, which is required by law to be recorded, shall be constructive notice to all persons from the time of record."

We conclude, and so hold, that the order of Judge Barnhill remanding the case for trial, for the reason given, was a correct ruling.

Affirmed.