J. VAN HANFORD AND J. VAN HANFORD, JR., TRADING AS PARTNERS UNDER
THE TRADE NAME OF "SALISBURY FLORISTS' SUPPLY COMPANY,"
AND "J. VAN HANFORD & SON," v. ERNEST P. McSWAIN AND G. OLEN
WACASTER, INDIVIDUALLY AND TRADING AS PARTNERS UNDER THE FIRM
NAME OF "DAVIDSON GREENHOUSE."

(Filed 13 April, 1949.)

1. Judgments § 27a—

   Movant must show not only excusable neglect but also a meritorious
   defense in order to be entitled to have a judgment against him set aside
   for excusable neglect.   G.S. 1-220.

2. Same: Appeal and Error § 40d—

   Upon motion to set aside a judgment under G.S. 1-220, the findings of
   the court as to excusable neglect and meritorious defense are conclusive
   when supported by evidence, but such findings are not conclusive if made
   under a misapprehension of the law, in which instance the cause will be
   remanded to the end that the evidence be considered in its true legal light.

3. Appeal and Error § 40a—

   A sole assignment of error based upon exception to the judgment pre-
   sents only whether the facts found are sufficient to support the judgment
   and whether error in matters of law appears upon the face of the record.

4. Partnership § 6c—

   Where a partnership exists or there has been a course of dealing leading
   the creditor to believe a partnership exists, actual notice to the creditor
   prior to the extension of the credit sued on that the person upon whose
   credit he had theretofore relied had withdrawn from the business, relieves
   such person of liability thereon.

5. Judgments § 27a—

   Movant sought to have a judgment obtained against him on a partner-
   ship liability set aside for surprise and excusable neglect upon allegations
   in his answer and his motion that the creditor had actual notice of his
   withdrawal from the business prior to the extension of the credit sued on.
   Held: The conclusion of the trial court that movant had failed to show a
   meritorious defense was made under a misapprehension of the law and
   the facts, and the cause is remanded for further proceedings.

APPEAL by defendant Ernest P. McSwain from Rousseau, J., at No-
vember Term, 1948, of ROWAN.

Civil action to recover for florists' supplies, flowers, and other items
of merchandise allegedly sold on order of defendants,—heard upon mo-
tion to set aside judgment rendered therein.

Plaintiffs, in their complaint, make these allegations, briefly stated:
That defendant Ernest P. McSwain is a resident of Lee County, North
Carolina; that defendant G. Olen Wacaster is a resident of Burke County,
North Carolina; that on or about 17 December, 1945, defendants formed

a partnership under the trade name of Davidson Greenhouse, or Davidson Greenhouses, and as such began operation of their business in the city of Lexington, North Carolina, on said date; that on or about 9 February, 1946, upon order of defendant, plaintiffs extended credit to defendants for merchandise sold and delivered, which merchandise was paid for by defendants in due course,—defendants at the time holding themselves out and representing themselves to be partners as aforesaid; that thereafter and between 14th and 24th days of September, 1946, plaintiffs, trading as Salisbury Florists' Supply Company, sold to defendants, upon their order, florists' supplies in the sum of $201.75, for which defendants after demand have failed and refused to pay; that between 30 August, 1946, and 24 October, 1946, plaintiffs, trading as J. Van Hanford & Son, sold to defendants, upon their order, flowers and other items of merchandise of the value of $358.98 for which defendants, after demand, have failed and refused to pay; and that the aforesaid articles of merchandise, referred to in last two preceding clauses, were sold to defendants upon their original representation that they were engaged in business as partners, and as such partners were conducting the business hereinbefore referred to as Davidson Greenhouse, or Davidson Greenhouses. And upon these allegations plaintiffs prayed judgment.

The defendant Ernest P. McSwain, alone, answering the complaint of plaintiffs, admits that he is a resident of Lee County, North Carolina, and that credit was extended to him about February, 1946, for merchandise sold and delivered,—which merchandise was fully paid for. However, this answering defendant denies all other allegations of the complaint, and avers that on or about 10 June, 1946, he sold and conveyed to Olen Wacaster all of his interest, right and title to said business operated in the city of Lexington, North Carolina, "and that plaintiffs had actual notice of said sale." This averment is repeated in answering specific allegations of the complaint.

And, this answering defendant, for further defense, avers: That in December, 1945, he organized and purchased a retail florist business in the city of Lexington, North Carolina; that in connection therewith he engaged the co-defendant Olen Wacaster to operate said business for him,—Wacaster "to receive a salary plus a percentage of the profits of the business for his management services, but that all of the investment was made by" this answering defendant, McSwain, and "the business and property were wholly owned by" him,—which he avers, on information and belief, "does not constitute a partnership"; that about 10 June, 1946, this answering defendant sold and conveyed all of said business to Olen Wacaster, and "that thereafter he retained no management or control or interest in said business except some unpaid notes of Wacaster for the purchase price"; "that plaintiffs had actual notice of said sale shortly

after said sale and before the transactions alleged as causes of action herein"; and that he "had no knowledge of said transactions, nor any responsibility therefor. Wherefore the answering defendant prays that plaintiff take nothing by this action," etc.

At October Term, 1948, the case was submitted to a jury upon the following issues, which the jury answered as shown:

"1. Are the defendants Ernest P. McSwain and G. Olen Wacaster, trading as Davidson Greenhouse, and Ernest P. McSwain, individually, indebted to the plaintiffs, as alleged in the complaint? Answer: Yes.

"2. If so, in what amount? Answer: $627.89 with interest."

Judgment was entered at said term in accordance with the verdict,— specifying, however, that plaintiffs have no recovery against G. Olen Wacaster—the court finding as fact that summons issued for him was returned without service.

On 18 October, 1948, defendant Ernest P. McSwain entered a motion, in writing and verified, to set aside the judgment so entered and for a new trial, and "thereunto relating and as grounds therefor" showed unto the court:

"(1) That by the printed calendar set by the Rowan County Bar, this case was set as the first case on Tuesday, October 12th, there being ten contested cases on the calendar for Monday.

"(2) That by custom the court meets at 9:30 a.m.

"(3) That the defendant and his attorney left Sanford, N. C., at 7:30 a.m., which in the usual course of events would allow them, traveling by automobile, to arrive in Salisbury by 9:30 a.m.

"(4) That due to re-surfacing of the highway between Asheboro and Lexington, where traffic was halted, the defendant was delayed and arrived in the Courtroom at Salisbury at 10:00 a.m.

"(5) That, arriving at the Courtroom at 10:00 a.m., the defendant was informed that the trial was over and that verdict had been rendered against him.

"(6) That the defendant has a meritorious defense in that he terminated his business relationship with his co-defendant Olen Wacaster before the merchandise sued for was sold and that the plaintiff or its agents had notice that McSwain was no longer responsible for the debts issued by Wacaster.

"(7) That said judgment injuriously affects the rights of the defendant."

The hearing of the motion so made was, upon motion of plaintiffs at said October Term, 1948, continued to the next term of Superior Court of the county,—formal order to this effect being signed 19 October, 1948, by the presiding judge.

At the November Term, 1948, a judgment was signed in which it is recited that this action came on for hearing on motion of the defendant Ernest P. McSwain to set aside the judgment rendered herein at October Term, 1948, upon the grounds appearing in said motion, and the court, after argument of counsel, and upon statements in open court made by counsel, finds the following facts:

"(1) That this action was instituted by plaintiffs against the defendants, plaintiffs alleging in paragraph three of their complaint that the defendants, on or about the 17th day of December, 1945, created a partnership under the firm name of Davidson Greenhouse, doing business in Lexington, North Carolina, said partners being indebted to the plaintiffs for merchandise sold and delivered upon order.

"(2) That the defendant Ernest P. McSwain filed answer denying said partnership.

"(3) That defendant's counsel, in the argument upon the motion to set aside said judgment, has admitted in open court facts which in the opinion of the court are equivalent to an admission of said partnership as alleged by plaintiffs, and said Ernest P. McSwain has further in paragraph six of his motion admitted original liability for the debts created by said partnership.

"(4) That the defendant Ernest P. McSwain has failed to allege or show to the satisfaction of the court any notice to the plaintiffs of the alleged dissolution of said partnership, or notice to any agent or representative of plaintiffs authorized to bind them by such notice, plaintiffs having relied upon such partnership in delivering the merchandise and extending the credit which is the basis of this action.

"The court being of the opinion that the defendant Ernest P. McSwain, individually and as a partner in said Davidson Greenhouse, has failed to show a meritorious defense to plaintiffs' action";

Thereupon, on motion of attorneys for plaintiff, the court "Ordered and adjudged, in the exercise of the court's discretion, that the motion of the defendant Ernest P. McSwain to set aside said judgment be, and the same is denied, and said defendant is taxed with the costs," . . . and "further ordered that judgment in this action be satisfied out of the funds deposited by said defendant in the office of the Clerk of the Superior Court of Rowan County, North Carolina, in lieu of a stay bond."

The defendant Ernest P. McSwain appeals therefrom to Supreme Court, and assigns error.

*Linn & Shuford for plaintiffs, appellees.*
*Warren F. Olmsted for defendant, appellant.*

WINBORNE, J.   The decisions of this Court uniformly hold that a party, moving in apt time under the provisions of G.S. 1-220, to set aside a judgment taken against him, on the ground of excusable neglect, not only must show excusable neglect, but also must make it appear that he has a meritorious defense to the plaintiff's cause of action.   *Dunn v. Jones,* 195 N.C. 354, 142 S.E. 320; *Hooks v. Neighbors,* 211 N.C. 382, 190 S.E. 224; *Johnson v. Sidbury,* 225 N.C. 208, 34 S.E. 2d 67; *Craver v. Spaugh,* 226 N.C. 450, 38 S.E. 2d 525; *Whitaker v. Raines,* 226 N.C. 526, 39 S.E. 2d 266, and numerous other cases.

The findings of fact made by the court in respect to the elements so required, excusable neglect and meritorious defense, when supported by evidence, are conclusive on appeal, and binding on this Court.   *Craver v. Spaugh, supra.*

But facts found under misapprehension of the law are not binding on this Court and will be set aside, and the cause remanded to the end that the evidence should be considered in its true legal light.   *McGill v. Lumberton,* 215 N.C. 752, 3 S.E. 2d 586.   See also *S. v. Fuller,* 114 N.C. 886, 19 S.E. 797; *S. v. Casey,* 201 N.C. 620, 161 S.E. 81; *Tickle v. Hobgood,* 212 N.C. 763, 194 S.E. 474; *Bullock v. Williams,* 213 N.C. 320, 195 S.E. 291; *Farris v. Trust Co.,* 215 N.C. 466, 2 S.E. 2d 363; *S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9; *Stanley v. Hyman-Michaels Co.,* 222 N.C. 257, 22 S.E. 2d 570; *S. v. Williams,* 224 N.C. 183, 29 S.E. 2d 744; *Coley v. Dalrymple,* 225 N.C. 67, 33 S.E. 2d 477; *Troitino v. Goodman,* 225 N.C. 406, 35 S.E. 2d 277; *S. v. Gause,* 227 N.C. 26, 40 S.E. 2d 463; *Whitted v. Palmer Bee Co.,* 228 N.C. 447, 46 S.E. 2d 109.

Indeed, in *Calaway v. Harris,* 229 N.C. 117, 47 S.E. 2d 796, the principle has been aptly restated in this manner: "Where rulings are made under a misapprehension of the law or the facts, the practice is to vacate such rulings and remand the cause for further proceedings as to justice appertains and the rights of the parties may require," citing *McGill v. Lumberton, supra.*

Moreover, the only assignment of error brought forward for consideration on this appeal is based upon exception to the judgment from which appeal is taken.   Such assignment of error, as recently restated in *Simmons v. Lee, ante,* 216, and in numerous cases there cited, raises only the questions (1) as to whether the facts as found by the judge are sufficient to support the judgment, and (2) as to whether error in matters of law appears upon the face of the record.

In this connection it is apparent, from a reading of the pleadings and of the motion of defendant McSwain to set aside the judgment originally taken against him in this action, that the facts found by the court in respect to a show of meritorious defense, were made under misapprehension of both the law and the facts.

The defense set up by defendant McSwain in his answer is that prior to the dates of alleged transaction on which suit is based, plaintiffs had actual notice of his retirement from the business referred to as Davidson Greenhouse. This is an averment of a meritorious defense, even though it be found as a fact that McSwain and Wacaster were partners trading as Davidson Greenhouse. *Straus v. Sparrow,* 148 N.C. 309, 62 S.E. 308; *Jenkins v. Renfrow,* 151 N.C. 323, 66 S.E. 212. See also *Scheiffelin v. Stevens,* 60 N.C. 105; *Ellison v. Sexton,* 105 N.C. 356, 11 S.E. 180, 180 Am. St. 907; *Alexander v. Harkins,* 120 N.C. 452, 27 S.E. 120; *Bynum and Paschal v. Clark,* 125 N.C. 352, 34 S.E. 438; *Supply Co. v. Lynn,* 173 N.C. 445, 92 S.E. 145.

And it would be the averment of a meritorious defense if it be found that McSwain, as he avers, had been trading under the name of Davidson Greenhouse, with Wacaster as the manager of the business, and he, McSwain, had sold the business to Wacaster. Compare the principle enunciated in *Sibley v. Gilmer,* 124 N.C. 631, 32 S.E. 964.

Also in the findings of fact made by the judge it appears as a fact "that this defendant McSwain has failed to allege . . . any notice to plaintiffs of the alleged dissolution of said partnership . . ." This is patently a misapprehension of the averments appearing in the answer, and stated in the motion, and upon the face of the record.

For reasons pointed out, the findings of fact and ruling thereon made by the judge below will be and are set aside, and the cause is remanded for further proceedings as to justice appertains and the rights of the parties may require.

Error and remanded.