THE CHALLENGE WIND & FEED MILL COMPANY V.
THOMAS KERR.

*Sale—Countermanding order—Warranty—Authority of agent.*

Defendant gave plaintiff's agent an order for a windmill, subject
to plaintiff's acceptance. The order provided that it was not
subject to countermand, or to any change in its conditions by
verbal arrangements with agents. And it is held that the
order could be countermanded by the defendant at any time
prior to its acceptance by the plaintiff, or to notice of plaintiff's
intention to accept it; and that an arrangement thereafter
made by the agent with the defendant, under which the wind-
mill was put up on defendant's premises, was binding on the
plaintiff.

Error to Tuscola. (Beach, J.) Argued October 7, 1892.
Decided October 27, 1892.

*Assumpsit.* Defendant brings error. Reversed. The
facts are stated in the opinion.

*Crane & Crane,* for appellant.

*Frank L. Fales,* for plaintiff.

LONG, J. The defendant gave an order to the plaintiff
for a windmill, at the price of $125. The order was in
writing, signed by the defendant, and delivered to the
plaintiff's agent at Millington, this State, and by the agent
forwarded to the plaintiff at Batavia, Ill. The order was
dated May 16, 1890, and contained the following clause:

"This order is not subject to countermand. No verbal
understanding with agents to affect this order, all condi-
tions under which same is given being specified herein.
All orders subject to the approval of Challenge Wind &
Feed Mill Company."

This order was forwarded to the plaintiff, and the word

"Accepted" written upon it, together with the words, "Will ship to-day, May 28, 1890," and signed by the company. About a week after the order was given defendant notified the company that he would not accept the mill. The mill was subsequently shipped to Millington, this State. Defendant refused to receive it, and so notified the plaintiff, and returned the mill to the company. The mill was reshipped to Vassar by the plaintiff, and subsequently an arrangement was made between the defendant and plaintiff's agent, by which the mill was to be erected upon defendant's premises under a verbal warranty made by the agent.

This suit was brought to recover the value of the mill. On the trial plaintiff had judgment for the value.

The defense was that the mill did not comply with the warranty made by the agent at the time defendant agreed to take it. Defendant's proofs tended strongly to show that the mill did not comply with the warranty, and that, though the plaintiff's agent attempted upon several occasions to make it do the work intended, he was unsuccessful. The court below, however, was of the opinion that it was immaterial whether or not the agent made the warranty, for the reason that, under the written contract first made, the agent had no authority to make a contract which would bind the plaintiff, and of which the defendant had notice, and so charged the jury.

This was error. The written order given by the defendant to the agent, and forwarded to the plaintiff, was countermanded before acceptance by the plaintiff, and before the plaintiff had taken any steps whatever towards filling the order. The defendant had a right during that time to countermand it. The order was one which the plaintiff could accept or not, as it pleased. This right was expressly reserved in the order, and until acceptance the contract was unilateral. *Wilcox v. Cline*, 70 Mich. 517.

Up to the time of acceptance, or up to the time the plaintiff had signified its intention to accept, it was not bound by the order; and during this time the defendant had the right to countermand, as no period was fixed within which the plaintiff might accept defendant's terms. This contract, therefore, was not binding between the parties, and defendant was under no obligation to accept the mill upon its arrival at Millington, and plaintiff shipped it at its own risk of having the mill received by the defendant. The defendant refused absolutely to receive it, and it was reshipped. No other written order was made, and the plaintiff sent the mill to its agent at Vassar. Whatever arrangement was thereafter made by its agent with the defendant would be binding upon the plaintiff. What these arrangments and representations made by the agent were, and whether they were fulfilled, were questions of fact for the jury. The defendant had a right to have his case submitted to the jury upon his theory, and, if the mill did not fulfill the warranty, defendant would be under no obligation to keep and pay for it.

The judgment below is set aside, with costs, and a new trial ordered.

The other Justices concurred.