## A. R. Peck v. Herman C. Freese and Charles N. Rohde.

*Sale—Order—Countermand—Unilateral contract.*

1. A letter written by the orderers of a machine to the orderee, directing him to hold the machine until further notice, amounts to a countermand of the order.

2. Such countermand would be rendered non-effective by the depositing by the orderee in the post-office of a postal card,

101 Mich.—21.

properly directed to the orderers, notifying them of his accept-
ance of the order, before he received the notice of counter-
mand.

3. Defendants gave plaintiff's agent an order for a cash register,
subject to plaintiff's acceptance. The order stated that it was
expressly agreed that it should not be countermanded. And it
is held that, until acceptance, the contract was unilateral, and
the order could be countermanded; citing *Challenge Wind
& Feed Mill Co. v. Kerr*, 93 Mich. 328.[1]

Error to Van Buren. (Buck, J.)  Argued June 8, 1894.
Decided June 26, 1894.

*Assumpsit.*  Plaintiff brings error.  Affirmed.  The facts
are stated in the opinion.

*Breck Bros.*, for appellant.

*Mills, Osborn & Cavanaugh,* for defendants.

Long, J.  Defendants are copartners, doing business as
Freese & Rohde.  On March 22, 1892, they gave an
order in writing on plaintiff, who resides at Cortland, N.
Y., for a cash register.  The order was procured by
plaintiff's agent, O. W. Fort, at Paw Paw, this State, and
was for a register similar to the sample shown defendants,
and for which they agreed to pay $45.  The register, by
the terms of the order, was to be delivered f. o. b. at
Cortland, N. Y.  It was stated in the order:

"This order is given subject to your approval, and it
is expressly agreed that it shall not be countermanded."

The defendants on the trial contended that the contract
was never completed, for the reasons:

1. That the order was countermanded before acceptance.

---

[1] The effect of a unilateral agreement, such as an option, is
examined, in the light of the numerous decisions on the subject,
in a note to *Litz v. Goosling*, 21 L. R. A. 127.

2. That there was no delivery of the register.

3. That the register was unfit' for the purpose for which it was purchased.

These questions were submitted to the jury, and they found in accordance with defendants' claim.

Plaintiff claims, however, that the letter which defendants contend amounted to a countermand cannot be so construed. It is as follows:

"PAW PAW, MICH., March 24, 1892.
"A. R. PECK,
"Dear Sir: You received an order from us for one Peck Register from your man, O. W. Fort. Please hold same until further notice.
"Yours respt., FREESE & ROHDE.
"C. N. R."

The court was not in error in construing this as a countermand of the order.

Plaintiff claims, further, that he had accepted the order before receiving the notice of countermand. He says that on March 26 he sent a postal-card to defendants, saying that he was pleased to receive the order, and that the register would be shipped as soon as possible. It is denied that this postal-card was ever received, and defendants say the first they heard from plaintiff after the countermand was that he "would send the register just the same." The question whether the notice of countermand was sent and received before acceptance of the order was submitted to the jury under the facts shown, and they found, in favor of defendants' theory, that the order was countermanded before acceptance; the court stating to the jury that if the order was received by plaintiff, and he accepted it, by putting his postal-card in the post office, notifying defendants of his acceptance, before he received the notice of countermand, the countermand would not be effective. Under the testimony in the case and the claims

made by the parties, this was a fair submission of that question.

Some claim is made that the order was one which could not be countermanded. The case is ruled by *Challenge Wind & Feed Mill Co. v. Kerr,* 93 Mich. 328. The order in that case recited that "this order is not subject to countermand." The defendant wrote countermanding it; and it was said by this Court:

"The order was one which the plaintiff could accept or not, as it pleased.   *   *   *   Up to the time of acceptance,   *   *   *   the defendant had the right to countermand, as no period was fixed within which the plaintiff might accept defendant's terms."

This is true of the order in the present case. It was one which plaintiff might accept or not, as he pleased.

This was expressly reserved in the order, and until acceptance the contract was unilateral. It was stated in the order that all claims for verbal agreements not embodied therein were waived.

As there had been no acceptance before countermand, the questions whether there had been a delivery of the register, and whether it was fit for the purpose for which it was sold, become unimportant in this case, as no recovery could be had if the order was countermanded. We think that question was fairly submitted to the jury, and, they having found in defendants' favor, judgment must be affirmed.

The other Justices concurred.