H. C. HARGROVE, Appellant, v. JOHN CRAWFORD, Appellee.

**Sales:**  OFFER TO BUY: ACCEPTANCE: COUNTERMAND.   An order for goods taken by an agent, expressly providing that it shall not become binding on the seller unless accepted by him, is not the contract of the parties until so accepted; and may be countermanded by the buyer at any time before acceptance, although containing a provision against the right to countermand either before or after acceptance.

*Appeal from Van Buren District Court.*—HON. FRANCIS M. HUNTER, Judge.

TUESDAY, MAY 13, 1913.

THIS is an action for liquidated damages for breach of an alleged contract.   The only defense which we need to consider is that the instrument set out by the plaintiff was only an order signed by the defendant, and that it was countermanded by the defendant before. acceptance by the plaintiff. At the close of the evidence there was a directed verdict for the defendant.   Plaintiff appeals.—*Affirmed*.

*Walker & McBeth*, for appellant.

*J. C. Calhoun*, for appellee.

EVANS, J.—The plaintiff is engaged in the selling of silos. On May 10, 1910, canvassing agents for the plaintiff obtained from the defendant a certain written order for a silo, to be furnished and set up not later than June 15th following, at a lump price of $265. The written order contained the following express provisions: "This order cannot be countermanded either before or after acceptance. . . . This order is not binding upon H. C. Hargrove unless accepted by him at his office in Des Moines, Iowa, and after acceptance I agree to hold him blameless for failure to deliver from causes beyond his control. In case of violation of this contract it is agreed that 25 per cent. of the purchase shall be taken as stipulated damages for said violation."

The plaintiff withheld his acceptance of the order until June 4, 1910. Prior to that time, and on May 28th, the defendant countermanded the same by letter. The one question in the case is whether the defendant had the right to countermand the order at any time before its acceptance. The trial court held that he had such right. Appellant concedes that the defendant would have such right, except for the express provision contained in the order. *Durkee v. Schultz*, 122 Iowa, 410.

Appellant contends, however, that the order in this case forbade the defendant to exercise the right of countermand. The right of countermand, however, rests upon the fact that no contract has been consummated for want of acceptance by the other party. The provisions of the order would become binding only upon the meeting of the minds of the parties. Until such meeting of the minds the provision of the order relied on by the plaintiff could not be more binding than any other provision. The order expressly provides that it should not become binding upon Hargrove unless accepted by him at his office in Des Moines. Until acceptance there was no contract. The offer, therefore, continued as a mere proposal on the part of the defendant until accepted, and created no contractual relation between him and the plaintiff. The follow-

ing cases sustain this view: *Challenge Mill Co. v. Kerr*, 93 Mich. 328 (53 N. W. 555) ; *Peck v. Freese*, 101 Mich. 321 (59 N. W. 600) ; *National Refining Co. v. Miller*, 1 S. D. 548 (47 N. W. 962) ; *Cary v. Appo* (Sup.) 84 N. Y. Supp. 569. Such also is the holding of the courts of England. *Cook v. Oxley*, 3 T. R. 653. See, also Benjamin on Sales (3d Am. Ed.) section 41; Mechem on Sales, section 256.

No authorities are cited to the contrary, except to the proposition that a party may for a consideration contract for an option to a stated time. That is not the question involved here. To put it briefly, plaintiff sues for stipulated liquidated damages under the express provisions of a written order, which never became effective for want of acceptance by him before countermand.

The court below properly directed a verdict for the defendant, and its order is *Affirmed*.