NIGHT COMMANDER LIGHTING CO. v. BROWN.

1. SALES—ACCEPTANCE BY PRINCIPAL—COUNTERMAND.

   An order for the purchase of goods given to an agent, which is subject to acceptance by the principal, may be countermanded at any time before acceptance, although it contain the words "not subject to countermand."

2. SAME—COUNTERMAND—NOTICE TO AGENT SUFFICIENT.

   Notice to countermand an order for a lighting plant, given before its acceptance by the principal to the same agent who took the order, is notice to the principal, although the agent failed to communicate the same to the principal.

3. SAME.

   A notice to hold goods "until further notice" is a sufficient countermand.

4. SAME—COUNTERMAND—TRIAL—EVIDENCE—QUESTION OF LAW.

   Where defendant's son testified that he notified the agent to countermand the order, and plaintiff's agent admitted that the son told him "not to ship the lighting plant," the trial court properly disposed of the question, as a matter of law.

Error to Lapeer; Williams (William B.), J. Submitted January 14, 1921. (Docket No. 12.) Decided March 30, 1921.

Assumpsit in justice's court by the Night Commander Lighting Company against Ira Brown on a contract for the sale of a farm lighting plant. There was judgment for defendant, and plaintiff appealed to the circuit court. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Herbert W. Smith,* for appellant.

*Theo. D. Halpin,* for appellee.

For authorities discussing the question as to whether notice to traveling salesman is notice to his employer, see note in 25 L. R. A. (N. S.) 231.

SHARPE, J. Fred Morford and Peter Lubahn, two of plaintiff's salesmen, secured a written order from defendant for a generator and appliances suitable for lighting his farmhouse. It provided "this order is not subject to countermand" and is "subject to the approval of said company at its executive office." Within a few hours thereafter, Orin Brown, a son of defendant, who lived with him on the farm and whom Lubahn had theretofore solicited for such an order, after an interview with his father, called to the salesmen who were driving past and Lubahn came to the fence where he was working. Orin testified:

"I asked him if he took an order from pa, and he said he had, and I says, 'You can countermand that order. Pa has instructed me to countermand that order.' I says, 'We can't afford it any way.' 'Why,' he says, 'it would be a good thing for the place and improve the place.' I says, 'That may be, but we can't afford it. We have got to shingle the barn and other things, and we can't meet it.' I told him pa wasn't capable of doing business. He was out of his head part of the time."

Before this conversation, the salesmen had gone to Lapeer and mailed the written order to the plaintiff and did not afterwards send notice of its countermand. On June 10th the plaintiff wrote defendant acknowledging receipt of the order. An acceptance is indorsed thereon as of June 17th. The lighting plant was shipped to defendant on September 30th and refused by him. It was afterwards sold by the railroad company for storage.

The plaintiff sued in justice's court to recover the price as fixed in the order, $275. A judgment was there rendered for the defendant, from which plaintiff appealed to the circuit court. Both parties moved for a directed verdict. The motion of defendant was

granted and a verdict directed in his favor. From the judgment entered thereon, plaintiff appeals.

1. Was the order countermanded? It is elemental that an order such as this, though it contain the words "not subject to countermand," may be countermanded at any time before acceptance. Until so accepted, it is simply an offer to purchase and in no way creates a binding agreement. 13 C. J. p. 293; *Peck* v. *Freese,* 101 Mich. 321; *Challenge Wind & Feed Mill Co.* v. *Kerr,* 93 Mich. 328. Plaintiff's counsel contend that—

"By requesting the salesman to countermand this order the defendant made the salesman his agent to perform such service for him"—

and, as the notice of countermand was not communicated to the plaintiff at its office, none was in fact and in law given. With this contention we are unable to agree. The notice of countermand given to the same agent who took the order was, in our opinion, notice to the plaintiff. It was the agent's duty to communicate it to his principal, and his failure to do so in no way relieved the plaintiff from the effect thereof. 2 Mechem on Agency (2d Ed.), § 1831; 1 Elliott on Contracts, § 33; *Goodspeed* v. *Wiard Plow Co.,* 45 Mich. 322; *Westinghouse Electric Co.* v. *Hubert,* 175 Mich. 568 (Ann. Cas. 1915A, 1099). In the latter case Mr. Justice STONE, speaking for the court, at page 579, said:

"We think the weight of authority is to the effect that, where notice is given to an agent in the discharge of his duty, and within the scope of his agency, it must operate as notice to the principal. In such a case knowledge of the salesman is knowledge of the firm. Mechem on Agency, § 721; *Straus, Gunst & Co.* v. *T. O. Sparrow & Co.,* 148 N. C. 309 (62 S. E. 308).

"The principal is charged with all notice or knowledge, relating to the subject-matter of the agency, which the agent acquires or obtains while acting as

such agent and within the scope of his authority. *Jenkins Bros. Shoe Co.* v. *G. V. Renfrow & Co.,* 151 N. C. 323 (66 S. E. 212, 25 L. R. A. [N. S.] 231)."

2. Direction of the verdict. Plaintiff's counsel insists that under the proofs the question as to whether notice of countermand was given was a question for the jury. The testimony of defendant's son, Orin, has been already quoted. Lubahn was not sworn as a witness. The other salesman, Morford, testified, over plaintiff's objection, that Lubahn, on his return to him after his conversation, said that Orin told him "not to ship the lighting plant. That the old gentleman was always doing something he ought not to do. He was crazy."

In *Peck* v. *Freese, supra,* it was held that a notice to "Please hold same (machine ordered) until further notice" was a sufficient countermand. We think there was no disputed question of fact to be submitted to the jury and that the verdict was properly directed.

The judgment is affirmed.

STEERE, C. J., and MOORE, FELLOWS, STONE, and BIRD, JJ., concurred. CLARK, J., did not sit.

The late Justice BROOKE took no part in this decision.