# Richmond.

## J. B. COLT COMPANY v. R. F. ELAM.

January 17, 1924.

1. APPEAL AND ERROR—*Harmless Error—Case at Bar.*—In the instant case the plaintiff assigned as error the action of the court in refusing to require the defendant to make his bill of particulars more specific, in admitting certain evidence, in refusing and giving instructions, in refusing to set aside the verdict of the jury, and in entering judgment for the defendant.

    *Held:* That as the Supreme Court of Appeals was unable to find reversible error in any of these assignments, a discussion would prove unprofitable.

2. SALES—*When Title Passes—Selection.*—Where an offer was to purchase not a specific lighting plant, but one of a certain model, the title does not pass until the lighting plant is selected and set apart for the purchaser.

3. SALES—*Sale by Agent—Countermanding Order—Case at Bar.*—In the instant case defendant gave an order to an agent of plaintiff for the purchase of a lighting plant. The order provided that it should become a contract between plaintiff and defendant when accepted by one of the officers of plaintiff, and that upon such acceptance the contract could not be cancelled or revoked by either party.

    *Held:* That the purchaser had the right to countermand and cancel the order at any time before its acceptance; and also had the right, at any time before title passed, even though the offer was accepted before notice of cancellation, to breach the contract by refusing to accept the goods.

4. SALES—*Breach of Contract by Purchaser—When Title Passes—Action for Damages by Seller.*—Although a purchaser of a lighting plant of a manufacturer, where the lighting plant is not a specific one, but one of a certain model, has the right to breach his contract by cancelling his order after acceptance, but before the lighting plant has been set apart for him, such action on the purchaser's part does not deprive the seller of the right to sue for damages sustained by the breach of the contract, but the seller under such circumstances cannot after notice of cancellation ship the goods and sue for the purchase money.

5. Agency—*Sales—Cancellation—Notice to Agent as Notice to Principal—Case at Bar.*—In the instant case it appeared that two solicitors held themselves out as agents of the plaintiff and solicited and secured defendant's order for a lighting plant; that their action was ratified by plaintiff, and that for all sales made each of the solicitors received his compensation from plaintiff. It further appeared without contradiction that defendant the day before his offer was accepted by plaintiff went to one of these agents and informed him that he was dissatisfied and asked that the order be cancelled, and requested him to notify the other agent that he wished the order cancelled; that the other agent was notified later and in reply said that it was all right.

    *Held:* That the general doctrine that notice to the agent is notice to the principal applied here and that notice of cancellation before acceptance, to either of the agents, was notice to the plaintiff.

6. Sales—*Offer to Sell or Purchase—Revocation.*—A mere proposal to sell or purchase, notwithstanding it purports to give a definite time for acceptance, may be withdrawn at any time before acceptance. This is true of orders given agents. *A fortiori,* a purchaser may cancel an order given to an agent at any time before its acceptance by the principal. The reason for this rule being that since there is no consideration for the offer, it is a mere unilateral promise and consequently a *nudum pactum.*

7. Contracts—*Offer—Revocation—Acceptance—Notice in Course of Transmission.*—An acceptance, when the parties are distant from each other, is effective when put in course of transmission, and a revocation only when actually communicated.

8. Sales—*Agency—Scope of Agent's Employment—Notice of Cancellation.*—The scope of employment of an agent who is authorized to solicit orders subject to the acceptance of his principal includes the receiving of a notice of cancellation before acceptance.

9. Sales—*Notice of Revocation Before Acceptance or Passage of Title.*—Where an order for the purchase of goods is withdrawn before acceptance and before the title to the goods passes to the offerer, the seller cannot recover the purchase price or any portion thereof; nor can the seller recover damages for the refusal of the buyer to accept the property, where there is no proof that damages were sustained by the seller.

Error to a judgment of the Circuit Court of Mecklenburg county in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Chas. T. Reekes, J. H. Rives, Jr.,* and *S. S. P. Patteson,* for the plaintiff in error.

*Irby Turnbull & Bro.,* for the defendant in error.

West, J., delivered the opinion of the court.

J. B. Colt Company, a corporation, sued R. F. Elam for the purchase price of an acetylene gas generating and lighting plant. This writ of error was awarded to a judgment in favor of the defendant.

On November 22, 1918, one Gore and R. R. Cole, representatives of J. B. Colt Company, approached R. F. Elam, of Baskerville, Virginia, and solicited his order. Elam signed an order on that day for an acetylene gas generating and lighting outfit and accessories, offering to pay therefor $347.35 f. o. b. factory. The order contained, among other provisions, the following:

"This order shall become a contract between the purchaser and the company upon acceptance thereof in the space below by one of the officers of the said company, it being understood that this instrument, upon such acceptance, covers all the agreements between the purchaser and the company, and that no agent or representative of the company has made any statements or verbal agreements modifying or adding to the terms and conditions herein set forth. It is further understood that, upon the acceptance of this order, the contract so made cannot be cancelled or revoked by either party, nor may it be altered in any manner, except by agreements in writing between the purchaser and the company acting by one of its officers."

This offer was transmitted to and accepted by H. C. Myers, assistant secretary of the company, at New York city, on November 26, 1918.

Elam became dissatisfied, and on November 25, 1918, went to Boydton, Virginia, to see the salesman and withdraw his offer and cancel the order.   He informed Cole of his decision to cancel the order, and when told Gore was out of town, secured Cole's promise to notify Gore that he did not want the plant and demanded that his order be cancelled.   Cole notified Gore on the 26th or 27th of November, 1918.   Elam also notified J. B. Colt Company twice in November, by letters addressed to it at New York, that he did not want the plant and would not accept it.

The plant was shipped to Elam at Baskerville, Virginia, on December 31, 1918, in accordance with the terms of the written order, arriving there some day in January, 1919.   Elam refused to receive it, and shipped it back to J. B. Colt Company on January 27, 1919.

[1]   The plaintiff assigns as error the action of the court in refusing to require the defendant to make his bill of particulars more specific, in admitting certain evidence, in refusing and giving instructions, in refusing to set aside the verdict of the jury and in entering judgment for the defendant.

We find no reversible error in any of the assignments, and a discussion of them *seriatim* would prove unprofitable.   In our view, the single question to be determined is, could the jury, under the evidence, have properly returned a verdict for the plaintiff?   This question must be answered in the negative.

[2, 4]   The offer was to purchase no specific gas generating and lighting plant, but one of a certain model, and the title could not pass to the purchaser until the outfit was selected and loaded on board the cars on December 31, 1918.   The purchaser had the right to countermand and cancel the *order* at any time before its acceptance at the home office of the company.   He had the right

also, at any time before the title passed, even though the offer was accepted before notice of cancellation, to breach the *contract* by refusing to accept the goods.

Such latter action on the purchaser's part would not deprive the seller of the right to sue for the damages sustained by the breach of the *contract*, but the company could not afterwards ship the goods and sue for the purchase money.

The plaintiff in his petition states the law thus: "If there was a contract, we will admit that upon receipt of the notice of cancellation before shipment that a duty devolved upon plaintiff to minimize his damages, and that he could not thereafter ship the plant and claim from the defendent the purchase price thereof, but he could have recovered damages for the breach of contract."

[5] It appears, without contradiction, that R. R. Cole and Gore held themselves out as the agents of the plaintiff and solicited and secured Elam's order for the plant; that their action in so doing was ratified by the company; and that for all sales made each received his compensation from the plaintiff company. It further appears without contradiction that Elam went to Cole on November 25, 1918, the day before the offer was accepted, and informed him that he was dissatisfied and asked that the order be cancelled, and requested him to notify Gore that the did not want the plant and wished the order cancelled, and that Gore was notified later and in reply said it would be all right.

Under the foregoing facts, we find no difficulty in holding that the general doctrine that notice to the agent is notice to the principal applies here and that notice of cancellation before acceptance, to either Cole or Gore, was notice to the J. B. Colt Company.

In Elliott on Contracts, Vol. 1, section. 33, we find

this: "An offer unsupported by any consideration may be withdrawn at any time before acceptance. This applies to a general offer. It is revocable at any time before assent thereto is given and before anything is done in reliance on it. There is no contract until its terms are complied with, like any other offer to contract it may, therefore, be withdrawn through the same channel in which it was made."

[6] In section 57 of the same volume the law is stated thus: "A mere proposal to sell or purchase, notwithstanding it purports to give a definite time for acceptance, may be withdrawn at any time before acceptance. This is true of orders given agents. * * * *A fortiori*, a purchaser may cancel an order given to an agent at any time before its acceptance by the principal. The reason for this rule being that since there is no consideration for the offer, it is a mere unilateral promise and consequently a *nudum pactum*."

[7] It is true that an acceptance, when the parties are distant from each other, is effective when put in course of transmission, and a revocation only when actually communicated. Clark on Contracts, section 25, page 46, *et seq*; *Patrick* v. *Bowman*, 149 U. S. 411, 13 Sup. Ct. 866, 37 L. Ed. 790; Anson on Contracts, section 32, page 37, *et seq*; Pollock on Contracts (9th Eng. Ed.), page 32, *et seq*.

But we cannot concur in the contention of the plaintiff that notice of revocation to the agent is not notice of revocation to his principal.

In the case of *Night Commander Lighting Co.* v. *Brown*, 213 Mich. 214, 181 N. W. 979, the facts were similar to those in the instant case and as follows: A solicitor for a manufacturer of gas lighting plant called on a farmer, Brown, and solicited and secured his written order for such a plant. The form of the blank

5

was that of a letter addressed to the manufacturer ordering the plant, and it provided that the same should only become a·contract when it was accepted by one of the officers of the company by signing the name of the company to the same in the space below, under the word "accepted," reserved for that purpose.  After Brown had signed the order, the solicitor left for the next town where he mailed it to the company.  About an hour later Brown's son, acting under instructions from his father, demanded a cancellation of the order.  The solicitor stated that he had already mailed the order to the factory and had no further control over it.  The order was received by the manufacturer and accepted according to its terms and the lighting plant shipped to Brown. Brown refused to accept it and when sued for the purchase price defended on the ground that he had "cancelled the order before acceptance."  The court held that notice to the agent was notice to his principal, and constituted a revocation of the order.  In the course of its opinion the court said:

"It is elemental that an order such as this, though it contain the words, 'not subject to countermand,' may be countermanded at any time before acceptance. Until so accepted, it is simply an offer to purchase, and in no way creates a binding agreement.  13 C. J. 293; *Peck* v. *Freese,* 101 Mich. 321, 59 N. W. 600; *Challenge, etc., Co.* v. *Kerr,* 93 Mich. 328, 53 N. W. 555.  Plaintiff's counsel contend that 'by requesting the salesman to countermand this order the defendant made the salesman his agent to perform such service for him,' and, as the notice of countermand was not communicated to the plaintiff at its office, none was in fact and in law given.  With this contention we are unable to agree. The notice of countermand given to the same agent who took the order was, in our opinion, notice to the

plaintiff.     It was the agent's duty to communicate it
to his principal, and his failure to do so in no way re-
lieved the plaintiff from the effect thereof.     Mechem
on Agency, section 1831; Elliott on Contracts, section
53; *Goodspeed* v. *Biard Plow Co.*, 45 Mich. 322, 7 N. W.
902; *Westinghouse Electric Co.* v. *Hubert*, 175 Mich. 568,
141 N. W. 600, Ann. Cas. 1915-A, 1099."

[8] In our view the scope of employment of an agent
who is authorized to solicit orders subject to the ac-
ceptance of his principal, includes the receiving of a
notice of cancellation before acceptance.

[9] The order having been withdrawn before ac-
ceptance and before the title to the goods passed to the
offerer, it follows that the seller cannot recover the
purchase price or any portion thereof; nor can the seller
recover damages for refusal to accept the property,
since there is no proof that damages were sustained by
it.

No other verdict or judgment could have been prop-
erly rendered.

*Affirmed.*