GOODCHILD & PARTNERS, LTD. *vs.* THE READY TOOL
COMPANY.

Third Judicial District, New Haven, January Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Section 5709 of the General Statutes provides that any deposition written, drawn up or dictated by the party, his attorney or any person interested, or that shall be returned to court unsealed, or with the seal broken, "may be rejected by the court." The plaintiff in his deposition taken in England, read a written statement previously prepared by himself, which was made a part of the deposition, and was thereafter extensively cross-examined by the defendant's counsel and re-examined by counsel for plaintiff. *Held* that even if it could be said that the incorporation in the deposition of a statement written by the party interested, was in violation of the statute, the trial court nevertheless, in the exercise of its discretion, might admit the deposition in evidence; and that inasmuch as it did not appear that its admission under the circum-

stances detailed was an abuse of its discretion, no error was committed in its reception.

Prior to the Revision of 1902 the final clause of the statute read "shall be rejected by the court." *Held* that the legislature must have intended by this change to give some discretion to the court, otherwise it would not have substituted "may" for "shall."

The fact that an individual doing business under a partnership name, alludes in his deposition to "my firm," in stating what had been done under a contract, does not import that the deponent was without personal knowledge of the facts to which he deposed.

Under our statute (Public Acts of 1919, Chap. 103) a deposition may be taken in any other State or country by a notary public.

Alleged errors for which the record furnishes no facts or setting, are not entitled to consideration in this court.

Argued January 15th—decided March 1st, 1924.

ACTION to recover damages for an alleged breach of contract, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiff for $1,483, and appeal by the defendant. *No error.*

*Carl Foster,* for the appellant (defendant).

*Samuel Mellitz,* with whom was *Charles Weingarten,* for the appellee (plaintiff).

KELLOGG, J. This is an action brought by Goodchild & Partners, Ltd., of London, England, against the Ready Tool Company, a Connecticut corporation, located at Bridgeport, Connecticut. The parties entered into a contract in 1916, by the terms of which the plaintiff was to purchase goods of the defendant, and the plaintiff was to have the right to return to the defendant whatever goods it had on hand at the termination of the contract, for which the defendant was to pay the plaintiff the current market value. The court found that the plaintiff performed all of the terms of the contract, that the contract was terminated, and that upon such termina-

tion the defendant was indebted to the plaintiff in the sum of $1,288.03, and rendered judgment for the plaintiff to recover said sum with interest.

The record discloses that the testimony of the plaintiff and other witnesses was taken in England before a notary public, and the present appeal is based solely on errors which are claimed to have occurred in the taking of the depositions before the notary and their subsequent admission in court, and not on any claimed error of the court in deciding the merits of the cause.

The chief ground of error claimed by the appellant is as to the admission of the testimony of the plaintiff, George W. Goodchild, as contained in his deposition taken before the notary in England. The deposition itself is not contained in the record, but it is stated upon the record that this witness had prepared in advance of the hearing a statement in writing, which was made a part of the deposition, and that "after reading his statement this witness was extensively cross-examined by the defendant's counsel and re-examined by counsel for the plaintiff." See Record, p. 20. In the lower court counsel for the defendant objected to the deposition, upon the ground that it was written by this witness and therefore in violation of § 5709 of the General Statutes, reading as follows: "Any deposition written, drawn up or dictated by the party, his attorney or any person interested, or that shall be returned to court unsealed, or with the seal broken, may be rejected by the court." It is urgently claimed by counsel for the appellant, that the mere fact that a part of the deposition was a prepared statement in writing by the witness, shows that the deposition was "written by the party" and is in conflict with this statute.

This statute first appears in substance in the Acts and Laws of His Majesties Colony of Connecticut,

as printed in 1702, under the title of Witnesses, it being stated therein that "no person interested shall write or draw up the Testimony of any witness . . . and if it manifestly appear any Testimony to be written or drawn up by any Interested, . . . all such Testimonies shall by rejected by the Court." This provision continued thereafter as statutory law, and is contained in the Revision of 1888 as § 1070 in the exact language of the present statute, except that it sets forth that such deposition "shall be rejected by the court." In the Revision of 1902 this statute appears in its present form, the words "shall be rejected" being changed to "may be rejected." There must have been some reason for this change, and the General Assembly must have intended by it to give some discretion to the court, otherwise the word "shall" would not have been changed to "may." In view of the record that the written statement was read by the witness, and that thereafter he was extensively cross-examined by counsel for the defendant and re-examined by counsel for the plaintiff, it would be difficult to hold either that the deposition was written by the party, or that the court abused its discretion in admitting the deposition, if it were held that a part of the deposition, being a written statement by the party interested, is in violation of the statute.

It is also contended that the court erred in not striking out all statements in the deposition wherein the witness, or deponent, said "my firm did so and so," defendant's counsel claiming that there was apparently a partnership and that it did not appear that the witness had personal knowledge of these facts. An examination of the writ discloses that there is no foundation for this claim, as it appears therein that the witness was the sole party plaintiff, the defendant being required "to answer unto George W. Goodchild, doing business

under the firm name and style of Goodchild & Partners, Ltd., of London, England, in a civil action,"etc.

The second reason of appeal assigns as error the admission of this deposition and others, because they were taken before a notary public in a foreign country.

Chapter 103 of the Public Acts of 1919 provides in part as follows: "and depositions may be taken in any other state or country by a notary public, commissioner appointed by the governor of the state, or any magistrate having power to administer oaths." This portion of the statute clearly states that a deposition may be taken in any other country before a notary public, and there being no question raised as to the exemplification of his authority, there was no error in the admission of the depositions upon the ground claimed.

The remaining errors claimed were as to the depositions of Charles Thompson and Hugh John Montgomery Owen. All that can be found from the record is, that these depositions were objected to "on the same ground as to the other witness," but the record contains nothing as to any of the facts concerning these depositions or the manner in which they were taken. This court is without any knowledge of such facts and therefore cannot consider these alleged errors.

There is no error.

In this opinion the other judges concurred.