LLOYD AND ELLIOTT, INCORPORATED, *vs.* D. W. PARKE.

Third Judicial District, Bridgeport, October Term, 1930.
MALTBIE, HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October ·30th, 1930—decided January 13th, 1931.

*Lewis L. Somers,* for the appellant (defendant).

*Harry R. Cooper,* for the appellee (plaintiff).

AVERY, J.   The plaintiff is a New York corporation, engaged in the advertising business; the defendant, an optometrist, residing in Wallingford, with an office in Meriden. The complaint alleges that on or about September 3d, 1925, the plaintiff and defendant entered

into an agreement in writing (a copy of which is annexed to and made a part of the complaint); that the plaintiff had performed all the provisions of the agreement on its part; and that the defendant had neglected to make the payments required. The answer of the defendant consisted of a general denial, to which was joined a second defense and also a counterclaim. In the second defense and counterclaim, the defendant alleged that he had signed the agreement set out in the complaint, relying upon the truth of certain representations made by the plaintiff's agent to him, which were: (a) that a reduction allowance of $26 from the full contract price of $130 was the maximum allowance given by the plaintiff to induce a discontinuance of another concern's service and the adoption of the plaintiff's; (b) that plaintiff's agent was authorized to enter into an agreement with the defendant in writing, whereby the plaintiff guaranteed an increase in defendant's business within two months thereafter, and that, on the failure of such increase, the agreement would be cancelled and the defendant relieved of liability thereunder; that the defendant believed the representations to be true, and was induced thereby to sign the agreement; that the plaintiff knew the representations to be false; and that they were made with the intent to deceive the defendant, and to induce him to sign the agreement, and to defraud him. The defendant asked, by way of counterclaim, a cancellation of the claimed agreement. The agreement set forth in the complaint was in writing, directed to the plaintiff at his place of business in New York to ship "by express f.o.b. New York as soon as possible" certain advertising material. The terms of payment were $26, ten days after shipment; and $7.09 on the first of each month, beginning November, 1925, until the whole amount had been paid. The writing contained the following concluding

provisions: "Neither party will be held responsible for any provisions or representations not embodied in writing herein, and this contract is not subject to cancellation. This agreement is subject to your acceptance at New York. Dated September 3, 1925." It was signed by D. W. Parke, the defendant. The signature of the defendant was procured, on the day mentioned, by an agent of the plaintiff.

The case seems to have been tried by counsel and disposed of by the court on the theory that the writing, signed by the defendant on September 3d, 1925, was a contract. It is described in the finding, at times, as a contract, and, at other times, as an agreement. It is, however, no more than an order. No contract could arise until the order was accepted. *Hartford & N. H. R. Co.* v. *Jackson,* 24 Conn. 514, 517; 13 Corpus Juris, 272; 6 R. C. L. 605; 1 Williston on Contracts, 115; 1 Page on Contracts (2d Ed.) p. 221. The only facts appearing in the finding tending to show the acceptance of the order and the formation of a contract are the finding that the plaintiff made up the advertising material, described in Exhibit A (the order), for the particular uses of the defendant, and delivered it to a carrier consigned to him soon after the execution of the order, Exhibit A. On the other hand, the court has found that on September 5th, 1925, two days after the execution of the order, the defendant wrote the plaintiff that he would cancel the contract, and refused to be bound by it. There is nothing in the finding to show that the plaintiff in any way notified the defendant of its acceptance of this offer prior to receiving notice of cancellation, nor does it appear that the goods were shipped by the plaintiff prior to such notice. The so-called contract on its face is nothing more than an order given by the defendant to the agent who had no authority to accept it, but only to forward it to his

principal for approval; and which consequently was revokable by the defendant at any time before acceptance by the principal. 13 Corpus Juris, 293; *Harvey* v. *Duffey,* 99 Cal. 401, 33 Pac. 897; *Peck* v. *Freese,* 101 Mich. 321, 59 N. W. 600; *Challenge Wind & Feed Mill Co.* v. *Kerr,* 93 Mich. 328, 53 N. W. 555; *National Refining Co.* v. *Miller,* 1 S. D. 548, 47 N. W. 962, 964; 1 Williston on Contracts, 94; 1 Page on Contracts (2d Ed.) § 121. It not appearing from the finding that the order had been accepted by giving notice or shipping the goods prior to the receipt of the letter of cancellation, the plaintiff has not established any contract; and there is no basis upon which to support the judgment in its favor.

In the letter notifying the plaintiff of cancellation, the defendant gave as his reason for so doing that he had been told by the agent of the plaintiff, who solicited the agreement, that $130 was the ordinary full price therefor; and that a reduction of $26, being given upon the price, was the largest allowance that could be made as an inducement for the defendant to purchase the service; but that, in fact, the defendant had learned that an allowance of $52 had been made to another person. It was true that at the time the defendant signed the agreement, the agent of the plaintiff had stated to him that the reduction of $26 from the full contract price of $130 was the maximum allowance which he, the agent, could give as an inducement for the defendant to enter into the agreement. It was not shown that this representation was untrue, or that the same agent had made a reduction of $52 to another party.

At the time of the execution of the agreement, the agent of the plaintiff prepared, signed and delivered to the defendant, a written guaranty, providing that if, after two months from the beginning of the service

specified in the contract, the business of the defendant had not been increased, the contract would be cancelled, and the defendant released from any obligation thereunder. The trial court has found that this guaranty was made by the agent of the plaintiff as an inducement for the defendant to enter into the agreement; and that the defendant relied upon it and was, in fact, induced thereby to enter into the agreement; that the agent had no authority to make any representation or guaranty not contained in the printed contract.

The finding in this case has not been prepared by counsel as carefully or in such detail as is desirable. It does not appear therefrom that any representation was made by the agent other than the implied representation that he had authority to make the guaranty. *Sullivan* v. *Mancini,* 103 Conn. 110, 115, 130 Atl. 79. It does appear that the defendant read over the offer before signing it. No facts are shown to justify his failure to understand and appreciate the limitations upon the agent's authority to execute the written guaranty. We cannot say that the subordinate facts support the court's conclusion that the defendant was induced to sign the offer in reliance upon representations contained in the written guaranty; and, upon the facts set forth in this finding, the defendant is not entitled to a rescission on the ground of fraud.

At the opening of the trial, the defendant moved to suppress certain depositions taken in New York before a notary on behalf of the plaintiff. The ground of the defendant's motion to suppress the depositions, and his objection to the admissibility thereof, was that it did not appear that the notary, by whom they were taken, was a disinterested person; and that it further appeared from the depositions that the notary himself questioned the deponents. Before the depositions

were admitted in evidence, it was stipulated between the parties that the facts connected with their taking were as follows: The attorney for the plaintiff sent the papers in the case, relating to the taking of depositions, to counsel in New York and left the matter of taking them entirely with them; whether counsel were present, or not, at the taking of the depositions on behalf of either party did not appear; and it did not appear and was not known by either party by whom the deponents were questioned and their answers taken. No interest was shown on the part of the notary who took the depositions other than the inference that the notary himself must have propounded the questions to the witnesses, which were answered in the depositions. This inference arose from the fact that no appearance of counsel was noted on the depositions. In *Goodchild & Partners, Ltd.* v. *Ready Tool Co.,* 100 Conn. 378, 380, 124 Atl. 38, we held that the court had some discretion in rejecting a deposition when written, drawn up, or dictated by the party, his attorney, or a person in interest. As in this instance, it was not shown that these depositions were either dictated, written, or drawn up by either party, or the attorney for either party, or any other person in interest; and the only inference from their appearance was that the questions had been propounded by the notary who took the depositions, in respect of whom no interest whatever in the case was shown, we think no error or abuse of the discretion of the trial court was shown in refusing to suppress the depositions; and that they were properly admissible on the facts shown.

There is error and a new trial is ordered.

In this opinion the other judges concurred.