LLOYD & ELLIOTT, INCORPORATED, *vs.* D. W. PARKE.*

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 20th—decided December 8th, 1931.

---

* This case was before this court at its October Term, 1930, and a new trial was ordered. The opinion appears in 112 Conn. 504.

*Harry R. Cooper,* for the appellant (plaintiff).

*Lewis J. Somers,* for the appellee (defendant).

MALTBIE, C. J.  This action grew out of an order given to an agent of the plaintiff by the defendant for certain supplies to be used in advertising the latter's optical business in Meriden.  Later the defendant wrote the plaintiff cancelling the order and refused to receive or pay for the supplies.  The order was addressed to the plaintiff at New York and closed with this provision: "This agreement is subject to your acceptance at New York."  This same case was before us at an earlier term.  See 112 Conn. 504, 152 Atl. 825.  We there said that the paper in question was nothing more than an order given by the defendant to the agent, who had no authority to accept it but only to forward it to his principal for approval and which consequently was revocable by the defendant at any time before acceptance by the principal; and that, it not appearing as the case then stood that the order had been accepted by giving notice or shipping the goods before it was cancelled by the defendant, the plaintiff had failed to establish any contract.  The plaintiff's brief seeks somewhat to reargue the questions there decided, but we see no reason to alter our conclusion.  The paper was not a bare order for goods but contained not only a provision for an extension of credit but also an agreement by the plaintiff to give the defendant the exclusive right for a certain period to the use of the material in the locality of his business.  It was therefore an agree-

ment where there were mutual promises constituting the consideration for each other and it was necessary not merely that the order be accepted by the plaintiff but that it at least set in motion some means by which knowledge of that acceptance would come to the defendant before any enforceable contract could arise. *White* v. *Corlies*, 46 N. Y. 467; 1 Williston, Contracts, §§ 70, 75; 1 Page, Contracts, § 152. The plaintiff alleged that the parties had entered into the agreement and the defendant was, under his general denial, entitled to offer in evidence any facts establishing this not to be so, including the fact that the order had been cancelled before there had been any effective acceptance of it. Practice Book, p. 290, § 200. The burden of proof to show that an agreement had actually been made rested upon the plaintiff.

The finding, which cannot be corrected in any material respect, states the following facts: The order was given on September 3d, 1925, and received by the plaintiff in New York on or about September 4th. On September 5th the defendant, becoming dissatisfied with the transaction because of certain information he had received, wrote and placed in the mail a letter to the plaintiff at New York cancelling the order, and this letter was received by it in the usual course of mail. We take judicial notice of the fact that Meriden is by railroad only about one hundred miles from New York and there are daily mails between the two cities. On September 15th the plaintiff replied to the defendant's letter, refusing to recognize his right to cancel the order. The plaintiff claimed to have proved that it sent to the defendant an accepted copy of the order before its letter of the 15th, but the trial court upon the evidence might reasonably refuse to find this to be so. Its conclusion that the plaintiff had failed to prove by a fair preponderance of the evidence an

acceptance of the order and any such communication of that acceptance before receipt of the defendant's letter of cancellation as would create a contract, must stand. Assignments of error not involved in the matters discussed do not merit attention.

There is no error.

In this opinion the other judges concurred.