[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #130
CT Page 6112
The plaintiff Gilman C. Perkins filed the present action against the defendants Gibson Financial Group LLC (Gibson) and AMS Securities, Inc. (AMS) alleging breach of contract and other claims arising out of the plaintiffs employment with the defendants. The defendants filed an answer with nine counterclaims and seven special defenses. The plaintiff moved to strike the first counterclaim alleging breach of contract. The plaintiff also moved to strike the first six special defenses alleging unclean hands (first special defense), estoppel (second special defense), breach of condition precedent (third special defense), breach of contract (fourth special defense), failure of consideration (fifth special defense) and offset (sixth special defense).
"[A] motion to strike challenges the legal sufficiency of a pleading and, consequently, requires no factual findings by the trial court. . . . We take the facts to be those alleged in the complaint. and we construe the complaint in the manner most favorable to sustaining its legal sufficiency . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover, we note that [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted. . . . Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641, 667, ___ A.2d ___ (2000).
Initially, the defendants argue that the court should deny the motion to strike because the plaintiff failed to comply with the requirements of Practice Book § 10-41. Practice Book 10-41 provides: "Each motion to strike raising any of the claims of legal insufficiency enumerated in the preceding sections shall separately set forth each such claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." The failure to specify the distinct reasons for the claimed insufficiency in the motion to strike is "fatally defective." Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4,594 A.2d 1 (1991). In his motion to strike, the plaintiff specifies that the basis for the motion is the defendants' allegation that the plaintiff "agreed to agree" to some undefined non-competition agreement. This statement complies with Practice Book § 10-41.
The defendants also argue that the court must deny the motion to CT Page 6113 strike because the plaintiff relies upon two documents attached to the complaint that are not incorporated into the defendants' pleading. "A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted." Doe v. Marselle, 38 Conn. App. 360, 364, 660 A.2d 871
(1995), rev'd on other grounds, 236 Conn. 845, 675 A.2d 835 (1996). However, "[t]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). "No facts may be proved under either a general or special denial except such as show that the plaintiffs statements of fact are untrue. Facts which are consistent with such statements but show, notwithstanding, that the plaintiff has no cause of action, must be specially alleged. . . ." Practice Book § 10-50. The plaintiff is entitled to rely upon the complaint when seeking to strike a special defense because a true special defense will only allege facts that are consistent with the complaint. See Practice Book § 10-50. Having considered the defendants' technical bases for denying the motion to strike, the court will consider the plaintiffs arguments concerning why his motion to strike should be granted.
The plaintiff claims that the court should grant his motion to strike the counterclaim and special defenses because the defendants do not make specific reference to any non-competition agreement, but merely reference an agreement to agree to a non-competition agreement. "The general rule is that an agreement to agree is too indefinite to be legally binding when it requires a superseding contract the terms of which must be negotiated." Srager and Srager v. Koenig, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 305625 (March 10, 1999, Stevens, J.); see also Fowler v. Weiss, 15 Conn. App. 690, 693- 94, 546 A.2d 321, cert. denied, 209 Conn. 814, 550 A.2d 1082 (1988);Lizotte v. Enfield, Superior Court, judicial district of Hartford at Hartford, Docket No. 367352 (August 31, 1999, Sheldon, J.).
Despite the plaintiff's contentions, the court believes that the allegations in the counterclaims and special defenses could support the existence of an actual covenant not to compete. For example, the defendants alleged that "[t]o the extent that Perkins did have a compensation agreement with [Gibson] in 1997 and/or entered into a separation agreement with [Gibson] after April 2, 1997, then under the terms of such agreements Perkins had promised [Gibson] that he would not compete with [Gibson] after the termination of his employment. . . ." (Fourth Special Defense, ¶ 37.) In addition, the defendants alleged that the plaintiffs continued employment was subject to a non-competition agreement. (See Special Defenses and Counterclaims, ¶ 22.) Therefore, the defendants have alleged more than merely an CT Page 6114 agreement to agree to a covenant not to compete.
In the first counterclaim, the defendants alleges: "To the extent Perkins did have a compensation agreement with [Gibson] in 1997 and/or entered into a separation agreement with [Gibson] after April 2, 1997, then under the terms of such agreements Perkins had promised [Gibson] that he would not compete with [Gibson] after the termination of his employment with [Gibson] and would not solicit [Gibson's] hedge fund managers or their prospective investors for any competing enterprise." (First Counterclaim, ¶ 37.) The plaintiff insists that the defendants must allege each of the criteria necessary under Connecticut law to support a covenant not to compete. See Scott v. General Iron Welding Co., 171 Conn. 132, 137, 368 A.2d 111 (1976) (providing the five necessary criteria for an enforceable covenant not to compete); NewHaven Tobacco Co. v. Perrelli, 18 Conn. App. 531, 533-34, 559 A.2d 715, cert. denied, 212 Conn. 809, 564 A.2d 1073 (1989) (same). However, the defendant provides no authority for the proposition that these criteria must be pleaded in a complaint, special defense or counterclaim. It is not necessary at this time for the defendants to plead all of the reasons why they believe that their covenant not to compete is valid. Therefore, the motion to strike the first counterclaim is denied.
The plaintiff also moves to strike the defendants' first special defense alleging unclean hands. "The doctrine of unclean hands expresses the principle that where a plaintiff seeks equitable relief he must show that his conduct has been fair, equitable and honest as to the particular controversy in issue. . . . Unless the plaintiffs conduct is of such a character as to be condemned and wrongful by honest and fair-minded people, the doctrine of unclean hands does not apply." (Citation omitted.) Bauer v. Waste Management of Connecticut, 239 Conn. 515,525, 686 A.2d 481 (1996). "It is also well settled that equitable defenses or claims may be raised in an action at law." Kerin v. Udolf,165 Conn. 264, 269, 334 A.2d 434 (1973). The defendants have alleged that the plaintiff engaged in a substantial amount of dishonest conduct including stealing of trade secrets and proprietary information, misrepresenting that he would not compete with the defendants and seeking the termination of a Gibson employee that he later hired for his competing business. Therefore, the motion to strike the first special defense is denied.
The defendants allege in the second special defense that the plaintiff is equitably estopped from claiming that he was not subject to a non-competition agreement. "The office of an equitable estoppel is to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties. . . . No one is ever estopped from CT Page 6115 asserting what would otherwise be his right, unless to allow its assertion would enable him to do a wrong. . . . There are two essential elements to an estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done." (Citations omitted; internal quotations omitted.) W. v. W., 248 Conn. 487, 496, 728 A.2d 1076
(1999).
According to the allegations in the special defenses, the plaintiff made repeated assurances that he would not compete with the defendants. The defendants allowed the plaintiff to remain employed with them. Then, the plaintiff left the defendants' employ, stole clients and directly competed with the defendants. The plaintiff argues that representations and assurances during negotiations do not give rise to estoppel. SeeD'Ulisse-Cupo v. Board of Directors, 202 Conn. 206, 213, 520 A.2d 217
(1987). However, the court must construe the allegations in the special defenses in a manner most favorable to sustaining their legal sufficiency. See Doe v. Yale University, supra, 252 Conn. 667. The defendants allegations certainly could be construed in such a manner that the plaintiffs representations were made with an intention to deceive the defendants into providing continued employment. Therefore, the court concludes that the defendants have adequately pleaded an equitable estoppel defense. Accordingly, the motion to strike the second special defense is denied.
The court grants the plaintiffs motion to strike the remaining special defenses because those defenses solely rely upon the existence of a non-competition agreement. The plaintiff alleged in his complaint that "Perkins is not a party to any non-competition or non-solicitation agreements with [Gibson]."[1] (Complaint, first count, ¶ 27.) "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Emphasis added.) Danbury v. DanaInvestment Corp., supra. 249 Conn. 17. The third, fourth, fifth and sixth special defenses make claims that rely upon the existence of a noncompetition agreement or an agreement to agree to a non-competition agreement. The defendants allegations are directly contrary to the allegations pleaded by the plaintiff or constitute unenforceable agreements to agree." Therefore, the court grants the motion to strike the third, fourth, fifth and sixth special defenses because they are not consistent with the allegations of the complaint. See Practice Book § 10-50. The defendants' claim that the contract is different from that alleged by the plaintiff may be raised as a general denial. SeeFerrie v. Sperry, 85 Conn. 337, 342, 82 A. 577 (1912). In addition, the CT Page 6116 defendants may offer evidence proving that a contract never arose between the parties as part of their general defense of the plaintiffs underlying action. See Lloyd Elliott v. Parke, 114 Conn. 12, 14,157 A. 272 (1931).
Based upon the foregoing, the motion to strike the first counterclaim, the first special defense and the second special defense is denied. The motion to strike the third, fourth, fifth and sixth special defenses is granted.
MINTZ, J.