[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The plaintiff, Edward Cane, is requesting this court to determine whether the parties entered into a binding settlement agreement. The plaintiff believes that an agreement was reached prior to commencing evidence while the defendant disagrees. CT Page 7911
On the first day of jury selection, March 20, 2002, the defendant, through counsel, extended an offer to settle in the amount of $40,000.00. The plaintiff's attorney, after consulting with his client, countered with a response of $100,000 and the parties therefore commenced jury selection. The selection process continued over the next three days although the defendant's attorney was aware that the plaintiff's attorney was talking to his client about settlement: indeed, plaintiff's counsel was recommending that his client settle for the $40,000.00. The parties returned after the weekend break and plaintiff's counsel informed opposing counsel that his client had accepted the figure and tendered a signed general release. Defense counsel advised that he needed to talk to his company and returned stating that the $40,000 was no longer offered. Unable to further resolve the matter, trial started. Prior to conclusion (and the jury verdict in favor of the defendant), the plaintiff orally moved for enforcement of the alleged agreement.
 II
Both sides are in agreement that contract law controls the resolution of this dispute. "Agreements that end lawsuits are contracts. . . ."Audubon Parking Associates Ltd. Partnership v. Barclay Stubbs, Inc.,225 Conn. 804, 811, 626 A.2d 729 (1993). The ultimate question is whether a contract came ever came into existence with "an offer and acceptance based on mutual understanding by the parties." Cavallo v. Lewis,1 Conn. App. 519, 520, 473 A.2d 338 (1984). Of course, "[i]f there has been a misunderstanding between the parties, or a misapprehension by one or both so that their minds have never met, no contract has been entered into by them. . . ." Hoffman v. Fidelity Casualty Co., 125 Conn. 440,443-44, 6 A.2d 357 (1939). "It is elementary that to create a contract there must be an unequivocal acceptance of an offer." Bridgeport PipeEngineering Co. v. De Matteo Construction Co., 159 Conn. 242, 246,268 A.2d 391 (1970).
The plaintiff argues that the defendant's offer although not at first accepted, was never affirmatively revoked thus allowing him to accept it, as he attempted to do, at a later date.[1] The defendant maintains that the plaintiff's response requesting $100,000 constituted a counteroffer and, as a matter of law, a rejection of the offer. Castaldov. D'Eramo, 140 Conn. 88, 92, 98 A.2d 664 (1953); Pleines v. FranklinConstruction Co., 30 Conn. App. 612, 616, 621 A.2d 759 (1993). Hence, he argues that an affirmative act by the defendant revoking his offer was not required and is of no importance.
The parties further agree that the Restatement (Second) of Contracts, adopted in Connecticut; see also Lyon v. Adgraphics, Inc.,14 Conn. App. 252, 255, 540 A.2d 398 (1988), is helpful to this CT Page 7912 analysis. Section 35 states as follows:
The Offeree's Power of Acceptance
 (1) An offer gives to the offeree a continuing power to complete the manifestation of mutual assent by acceptance of the offer.
 (2) A contract cannot be created by acceptance of an offer after the power of acceptance has been terminated in one of the ways listed in Section 36.
Section 36 states as follows:
(1) An offeree's power of acceptance may be terminated by,
(a) rejection or counter-offer by the offeree, or
(b) lapse of time, or
(c) revocation by the offeror. or
(d) death or incapacity of the offeror or offeree.
The continuing power to accept the offer under § 35(1) would be terminated if the $100,000 response constituted either a rejection or a counteroffer under § 36(1)(a). This court believes that the plaintiffs response cannot be considered anything but a counteroffer.
The plaintiff clearly did not accept the $40,000 offer on March 20, 2002. Instead, through counsel, advised the plaintiff that he wanted $100,000.00. Accordingly, as no contract came into existence, the plaintiff's motion must be denied.
 ___________________ Berger, J.